HOWARD IRON WORKS, Respondent, *v.* BUFFALO ELEVATING COMPANY, Appellant.

COUNTY COURTS — JURISDICTION OF, OVER COUNTERCLAIMS EXCEEDING $2,000 IN AMOUNT. While the jurisdiction of County Courts in actions for the recovery of money only is limited by section 14 of article VI of the Constitution and section 340 of the Code of Civil Procedure to actions in which the complaint demands judgment for a sum not exceeding $2,000, such limitation is based wholly on the demand of the complaint, and, after jurisdiction of a cause of action has·once been acquired, a County Court has, under section 348 of the Code of Civil Procedure, "the same jurisdiction, power and authority in and over the same and in the course of the proceedings therein, which the Supreme Court possesses in a like case; and it may render any judgment, or grant either party any relief, which the Supreme Court might render or grant in a like case;" and so the general jurisdiction to entertain common-law actions, where the demand for judgment in the complaint does not exceed $2,000, carries with it the power to try and render any judgment upon any counterclaim irrespective of the amount that the defendant may plead in his answer to the cause of action stated in the complaint.

*Howard Iron Works* v. *Buffalo Elevating .Co.*, 81 App. Div. 386, reversed.

(Argued June 1, 1903; decided October 6, 1903.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 18, 1903, upon an order which reversed an interlocutory judgment of the Erie County Court overruling a demurrer to a counterclaim.

1

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Alfred L. Becker* and *Tracy C. Becker* for appellant. The constitutional grant of jurisdiction to County Courts extends to counterclaims and is unlimited as to them. (Const. of N. Y. art. 6, § 14; Code Civ. Pro. §§ 340, 348; *Meade* v. *Langford*, 56 Hun, 279; *Thomas* v. *Harmon*, 46 Hun, 75; *Bellinger* v. *Craigue*, 31 Barb. 534; *Gates* v. *Preston*, 41 N. Y. 113; *Buckhout* v. *Rall*, 28 Hun, 484; *Sweet* v. *Flannigan*, 61 How. Pr. 327; *Chegaray* v. *Mayor, etc.*, 13 N. Y. 220; *P. T. Co.* v. *Harmon*, 43 App. Div. 348.) Unlimited jurisdiction over counterclaims in general in County Courts is necessary for the proper and orderly administration of justice. (*Newell* v. *People*, 7 N. Y. 9; *People* v. *Potter*, 47 N. Y. 375; *Lake Co.* v. *Rollins*, 130 U. S. 662; *People ex rel.* v. *Wemple*, 125 N. Y. 485; *Hawley* v. *Whalen*, 64 Hun, 550; *Buckhout* v. *Rall*, 28 Hun, 484; *Fullmer* v. *Fullmer*, 6 Wkly. Dig. 42; *Heigle* v. *Willis*, 50 Hun, 588; *Taylor* v. *Mayor, etc.*, 82 N. Y. 10; *Cornell* v. *Donovan*, 14 N. Y. S. R. 687; *Hall* v. *Hall*, 30 How. Pr. 51.)

*Loran L. Lewis, Jr.*, and *William C. Carroll* for respondent. There is no specific grant of jurisdiction to the County Court over counterclaims. (*Freez* v. *Ford*, 6 N. Y. 176; *Gilbert* v. *York*, 111 N. Y. 544; *Judge* v. *Hall*, 5 Lans. 69; *McCormack* v. *P. R. R. Co.*, 49 N. Y. 303; *Burnes* v. *O'Neill*, 10 Hun, 494; *Dake* v. *Miller*, 15 Hun, 358; *Hamburger* v. *Baker*, 35 Hun, 356; *Wilkins* v. *Williams*, 3 N. Y. Supp. 897; *Leonard* v. *Lynch*, 62 How. Pr. 56; *A. B. Co.* v. *Barcley*, 70 App. Div. 260; *Thomas* v. *Harmon*, 46 Hun, 75; *Avery* v. *Willis*, 24 Hun, 548.) The County Court has no jurisdiction over the counterclaim contained in defendant's answer. (*Oregan* v. *Lovell*, 88 N. Y. 258; *Buckhout* v. *Rall*, 28 Hun, 484; *Irwin* v. *Met. St. Ry.*, 38 App. Div. 254; *Pennypacker* v. *Hazelwood*, 61 S. W. Rep. 153; *Wal-*

*cott* v. *McNew*, 60 S. W. Rep. 18; *Avery* v. *Willis*, 24 Hun, 548; Code Civ. Pro. § 2949.)

O'BRIEN, J.   The plaintiff's complaint was filed in the County Court and judgment was demanded for about $900, alleged to be due from the defendant for work, labor and materials performed and furnished by the plaintiff at the defendant's request.

The answer, among other things, states that the work, labor and materials described in the complaint were furnished and performed under a contract between the parties whereby the plaintiff contracted to manufacture and install at defendant's elevator, in a good, workmanlike manner, certain machinery described, and the plaintiff warranted the work and materials free from all defects and agreed that the machinery so contracted for should be sufficient and suitable to move, control and regulate the movements of two movable elevator towers, for which the defendant was to pay over $3,000.   That the plaintiff undertook to perform this contract, but the work and materials were so defective and unsuitable that the work was not only worthless, but by reason of the default on the part of the plaintiff to perform the contract the defendant sustained damages in the sum of $30,000, and this sum was, upon these facts, interposed as a counterclaim in the action.

The plaintiff demurred to the counterclaim upon the ground that the court had no jurisdiction of the subject-matter thereof since the counterclaim demanded a judgment against the plaintiff for more than $2,000.   The County Court overruled the demurrer and gave judgment upon the issue of law in favor of the defendant.   The Appellate Division has reversed this judgment, by a divided court, and has certified to this court two questions as follows:

*First.*   Is the County Court without jurisdiction over defendant's counterclaim herein because the amount demanded in said counterclaim exceeds $2,000?

*Second.*   If the jurisdiction of the County Court over counterclaims is limited, as to amount, to counterclaims wherein

the amount demanded does not exceed $2,000, is such objection to defendant's counterclaim herein properly taken by demurrer?

The substantial question presented is whether upon the face of the pleadings the County Court has jurisdiction to try the matter involved in the counterclaim and to render judgment thereon. The facts set forth by the defendant in that part of the answer amount to an allegation that the plaintiff did not perform the contract sued upon, and that in itself is matter of defense. But the demurrer deals with the answer only so far as it is a counterclaim and demands an affirmative judgment, and hence the decision below must be deemed to relate only to that phase of the answer.

The provisions of the present Constitution and the Code prescribing the jurisdiction of County Courts are as follows: Article six, section fourteen of the Constitution enacts: "The existing County Courts are continued * * * County Courts shall have the powers and jurisdiction they now possess, and also original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars. The legislature may hereafter enlarge or restrict the jurisdiction of the County Courts, provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant." The Code (§ 340) follows this provision of the Constitution and limits the jurisdiction in cases for the recovery of money only by the demand of judgment in the complaint, which must be a sum not exceeding two thousand dollars.

The view of the case that prevailed in the learned court below would produce some curious results in practice. In this case it is admitted on all sides that the court had complete jurisdiction of the action. The objection is that it has no jurisdiction of the defense by way of counterclaim. It is

said that there is ample power to hear, determine and award judgment on the plaintiff's claim, but no power to try or give judgment on the defendant's counterclaim, although it arises out of the very transaction stated in the complaint, and the only reason for this contention is that it is stated in the pleading at too large a sum. The large claim stated in the answer may fade away to a very small one after the proofs at the trial are all in, but it is argued that this makes no difference, since the court is without jurisdiction to take any proofs on the merits of the claim. An irresponsible party could implead his neighbor in the County Court in an action wherein he demands just $2,000. The defendant sued may have a valid counterclaim which he regards as of no value except for defensive purposes, but if it amounts to more than $2,000 he cannot make use of it as a counterclaim to defeat the plaintiff's claim. If he has no other defense he must submit to have judgment pass against him. If he attempts to set it up to the extent of $2,000 he must release the balance, since the general rule is that a party cannot split up his claim into fragments and have a separate action upon each fragment. So that a defendant who has been brought into the County Court by the act of the plaintiff in selecting his forum, may have a valid and meritorious defense, but his hands are so tied that he is unable to avail himself of it by reason of the very magnitude of his claim. It is quite clear that a party may in this way select a forum for the litigation in which he has a strategic advantage over his adversary.

The mind does not readily accept the reasoning and arguments that lead to such conclusions. The first impression is that the argument must be faulty at some vital point, and I think the error is to be found in the attempt to enlarge by construction and analogy the express restrictions which have been placed upon the jurisdiction of the County Court by the Constitution and the statute. The restriction as to the amount of the claim is based wholly on the demand of the complaint, but the learned court below has determined the question of jurisdiction upon the demand in the answer. The point of

the decision is that not only is the jurisdiction limited to cases where the complaint demands judgment for a sum of money not exceeding $2,000, but to cases where the counterclaim contained in the answer does not exceed the same amount. This conclusion is the result of argument and analogy quite outside the words of the Constitution and the statute.

Conceding all that has been said in the learned court below concerning the analogy between the cause of action stated in the complaint and the cause of action stated in the answer by way of counterclaim, the fact still remains that there is nothing in the Constitution or the statute that forbids a defendant, when sued in the County Court, from interposing any defense that he may have to the cause of action stated in the complaint, and if it be a counterclaim exceeding $2,000, he is not forbidden to plead it, even though an affirmative judgment in his favor would result. The power of the court to render the proper judgment is not limited by the amount of the counterclaim, when jurisdiction of the action is once obtained, but the amount demanded in the prayer of the complaint is the sole test upon that question. In this case when the complaint was served the court acquired jurisdiction of the action and consequently of any defense to it that grew out of the transaction stated in the cause of action, even though it was a counterclaim stated to amount to more than $2,000. When the plaintiff elected to bring his action in the County Court, the right to try and render judgment upon any counterclaim that the defendant had followed the case as a necessary incident of the jurisdiction, without regard to its amount. The jurisdiction of the County Court is a question that generally concerns the defendant and is usually raised by a defendant sought to be subjected to its jurisdiction. In this case the question is raised by the plaintiff who selected that court as his forum and now contends that the defendant is barred by reason of the limited jurisdiction from interposing defenses that it clearly could interpose had the plaintiff selected any other court. The contention ought not to be sustained unless it appears to rest firmly upon authority, reason and

argument so clear and satisfactory as to be conclusive, and it seems to me that it does not.

It cannot be doubted that the legislature has power under the Constitution to enact that when the County Court acquires jurisdiction of an action by the service of a proper complaint, the court may entertain any defense which the defendant, sued in that court, may have, even though it be a counterclaim alleged to be more than $2,000, and that, we think, is the effect, substantially, of section three hundred and forty-eight of the Code of Civil Procedure. That section points out with great clearness what the power of the court is, after jurisdiction once acquired : " Where a county court has jurisdiction of an action or special proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the Supreme Court possesses in a like case ; and it may render any judgment or grant either party any relief which the Supreme Court might render or grant in a like case  *  *  *." If the present action had been brought in the Supreme Court no question could be raised with respect to the power to try and render judgment upon the counterclaim, and the plaintiff, having impleaded the defendant in the County Court, upon a complaint that conferred full jurisdiction upon that court, it follows that it had power to render any judgment in favor of the defendant, or grant it any relief that the Supreme Court could in a like case.

There is no express or implied restriction upon the power of the County Court to try issues and render the proper judgment in an action where it has once acquired jurisdiction. It may entertain an action to foreclose a mortgage where the real property mortgaged is situate within the county, and in such cases it. may render judgment for a deficiency, whatever the amount may be. (*Hawley* v. *Whalen*, 64 Hun, 550.) That of course is one of the incidents that necessarily follow the power to render judgment in foreclosure cases. In so far as it is sought to recover a deficiency judgment in such cases upon the bond the action is one for the recovery of

money only and the defendant may interpose, by way of counterclaim, any common-law cause of action he may have against the plaintiff that would tend to defeat or diminish the claim for a deficiency judgment. (*Hunt* v. *Chapman*, 51 N. Y. 555; *Bathgate* v. *Haskin*, 59 N. Y. 533.) There is no constitutional or statutory provision that in terms authorizes such practice, but it is a necessary conclusion from the general power of the court to entertain foreclosure actions. So the general jurisdiction to entertain common-law actions where the demand for judgment in the complaint does not exceed $2,000 carries with it the power to try and render judgment upon any counterclaim that the defendant may plead in his answer to the cause of action stated in the complaint. If there can be any reasonable doubt with respect to this proposition, based upon grounds of reason and justice, it is made clear by the section of the Code above cited. That section is broad enough in its language to permit a defendant in the County Court to interpose any counterclaim that he may have to the plaintiff's demand, and it is safe to assert as a reasonable inference that it was intended by that provision to enable the parties to settle all controversies arising from the transaction stated in the complaint. It could not have been intended that the defendant should be debarred from interposing defenses such as appeared in the answer in this case. These views sufficiently indicate the answer to the questions certified.

We think that the demurrer to the counterclaim was not well taken, and that the judgment of the Appellate Division should be reversed, with costs, and that of the County Court affirmed.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment reversed.