DAVID SILBERSTEIN et al., Copartners, Doing Business as NEW YORK MFG. Co., Appellants, v. LOUIS BEGUN et al., Copartners, Doing Business as BEGUN & Co., Respondents.

Counterclaim — Municipal Court of New York city — jurisdiction over counterclaim limited to $1,000 (L. 1915, ch. 279, § 86) — when judgment for that amount upon a counterclaim of greater amount operates as a bar to an action to recover the remainder.

1. The rule is well settled that a party cannot split up an entire cause of action and maintain several actions, each for part of his demand. The recovery of one judgment bars his whole claim, and the same rule, in the absence of legislative authority to the contrary, applies to a counterclaim.

2. When the Municipal Court Code of the city of New York was enacted (L. 1915, ch. 279) the former Municipal Court Act (L. 1902,

ch. 580) was repealed and section 157 thereof — which provided that where a counterclaim, interposed by a defendant, was in excess of the jurisdiction of the Municipal Court, judgment might be granted for the amount of the court's jurisdiction, but such judgment would not estop defendant from bringing an action against plaintiff for the difference — was superseded by section 86 of the present Code which provides that. " A counterclaim may be interposed and judgment thereon in favor of the defendant may be rendered for any sum not to exceed one thousand dollars exclusive of interest and costs."

3. Where plaintiffs in this action, in an action brought against them in the Municipal Court by the defendants herein, interposed a counterclaim for several thousand dollars, they submitted their entire claim to the jurisdiction of that court, and such court having tried the entire claim and reached the conclusion that a counterclaim for $1,000 had been established, the judgment thereon was a final and conclusive adjudication of the counterclaim, binding upon both parties, and prevented a further recovery in another action. It follows, therefore, that such judgment is a bar to the action brought to recover the balance of the claim which plaintiffs had interposed as a counterclaim in the Municipal Court action brought by the defendants herein.

*Silberstein* v. *Begun*, 191 App. Div. 951, affirmed.

(Argued December 8, 1921; decided January 10, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 5, 1920, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at Trial Term, a jury having been waived.

*Abraham A. Hoffmann* and *Harry C. Burnstein* for appellants. The rule against splitting causes of action has no application to the case of a counterclaim interposed in a court of limited jurisdiction. (*Gordon* v. *Van Cott,* 38 App. Div. 564; *Webster* v. *Armstrong,* 1 C. & El. N. P. 471.) Not only the common law but also the statute supports plaintiffs' contention. The Municipal Court Code as interpreted since its enactment permits a defendant in the Municipal Court of the city of New York to interpose a counterclaim in any amount, to recover thereon up to $1,000 and to sue for the balance, if any,

in a court of competent jurisdiction. (*Security Mort. Co.* v. *Kallis*, 102 Misc. Rep. 693; *East 46th St. R. Corp.* v. *Gutschneider*, 103 Misc. Rep. 491.)

*Jacob R. Schiff* and *Samuel W. Dorfman* for respondents. Having interposed their counterclaim in the Municipal Court and recovered affirmative judgment thereon the appellants are barred from maintaining the present action to recover the balance. (*Inslee* v. *Hampton*, 11 Hun, 156; *De Wolf* v. *Crandall*, 2 J. & S. 14; *Gordon* v. *Van Cott*, 38 App. Div. 564; *O'Connor* v. *Varley*, 10 Gray, 231; *Hatch* v. *Benton*, 6 Barb. 28.)

McLAUGHLIN, J.   The defendants brought an action in the Municipal Court of the city of New York against these plaintiffs to recover from them $161.13 for goods sold and delivered. The defendants (plaintiffs in this action) interposed a counterclaim for $3,155, damages alleged to have been sustained for the breach of a contract to deliver certain merchandise. At the conclusion of the trial judgment was rendered in favor of the defendants for the sum of $1,000 on their counterclaim, less $161.13, the amount of the plaintiffs' claim, which the defendants conceded to be due. Thereafter, this action was brought to recover $2,155, the balance of said counterclaim. The defendants interposed a general denial and set up as an affirmative defense that the recovery of the judgment in the Municipal Court upon the counterclaim was a full and complete satisfaction thereof and a bar to the maintenance of this action.

Upon the issue thus formed the action was tried. The plaintiffs put in evidence the judgment roll, minutes and exhibits in the Municipal Court action and rested. The defendants then moved to dismiss the complaint upon the ground that the judgment of the Municipal Court was a bar to the maintenance of the action. The motion was granted and the complaint dismissed. An appeal

to the Appellate Division followed, which affirmed the judgment of the lower court, one of the justices dissenting, and an appeal to this court was then taken.

The sole question here presented is whether the plaintiffs in this action are entitled to recover the balance of the counterclaim set up in the Municipal Court action. Assuming that the defendants' evidence in the Municipal Court action established a counterclaim to the amount of $3,155, and that they only obtained a judgment for $1,000, I am of the opinion a recovery for the balance cannot be had in this action.

Section 86 of the Municipal Court Code (L. 1915, ch. 279), which was in effect when the action was tried in the Municipal Court, provides: " Section 86. Amount recoverable on counterclaim.  A counterclaim may be interposed and judgment thereon in favor of the defendant may be rendered for any sum not to exceed one thousand dollars exclusive of interest and costs."  The Municipal Court Act (L. 1902, ch. 580) was repealed by the Municipal Court Code and section 86, above quoted, took the place of section 157 of the Municipal Court Act.

Section 157 provided:  " § 157. Counterclaim where amount is in excess of court's jurisdiction.  Where defendant has a counterclaim which is in excess of the amount of the jurisdiction of this court, the counterclaim may be interposed, and in the event of judgment being rendered in defendant's favor, sustaining said counterclaim, said judgment shall not be for any larger sum in any event than the sum to which the court has jurisdiction, exclusive of costs, but nothing in this section shall be construed to estop such a defendant from bringing an action against the plaintiff for the difference between the sum of the court's jurisdiction, and the sum claimed by said defendant to be due unless the judgment shall state that the sum awarded by the judgment is the whole amount found to be due. "

The appellants contend that under section 157 they would not be estopped from recovering in this action the balance of their counterclaim and that the language of section 86 of the Municipal Court Code does not indicate an intent on the part of the legislature to prevent the same result.

I am of the opinion that it does. Assuming that this action might be maintained if section 157 of the Municipal Court Act had been in force at the time the action in that court was tried, it does not follow, as it seems to me, that the same result can be obtained under section 86 of the Municipal Court Code. There is not a word in that section which indicates a legislative intent, where a counterclaim exceeds $1,000, to permit a recovery of the balance in another action; on the contrary, when section 86 was substituted for and took the place of section 157, the legislature, if force be given to the language used, not only intended to limit the recovery on a counterclaim in the Municipal Court to the sum of $1,000, but also to prevent the maintenance of an action to recover the balance of a counterclaim pleaded in excess of that sum. It would be an unreasonable and forced construction to hold otherwise, when section 86 is read and construed with section 157. Unless this be the true construction, nothing was accomplished by the substitution, and such a result cannot be imputed to the legislature.

It is also suggested if such construction be put upon section 86 it does an injustice to the defendants; that they had a counterclaim in excess of $1,000, which excess they are deprived of recovering, simply because they used it in opposition to the plaintiffs' claim and to the extent of the court's jurisdiction. If the use thus made of the counterclaim results in doing them an injustice, it is due solely to their own act, since it was optional with them whether they would there use it or not. If they had not there used it, then they could have main-

tained an independent action to recover the entire amount of the counterclaim. (*Brown* v. *Gallaudet*, 80 N. Y. 413; *Dunham* v. *Bower*, 77 N. Y. 76; *Gillespie* v. *Torrance*, 25 N. Y. 306, 310.) They could not, however, use the counterclaim as they did in the Municipal Court to the extent that it had jurisdiction and then maintain an independent action to recover the balance. This could not be done because the counterclaim constituted one indivisible claim upon which but one cause of action could be maintained.

The rule is well settled that a party cannot split up an entire cause of action and maintain several actions, each for part of his demand. The recovery of one judgment bars his whole claim. (*Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40, 42; *Nathans* v. *Hope*, 77 N. Y. 420; *Secor* v. *Sturgis*, 16 N. Y. 548.) The same rule, in the absence of legislative authority to the contrary, applies to a counterclaim. (*Inslee* v. *Hampton*, 11 Hun, 156; *Watkins* v. *American Nat. Bank of Denver*, 134 Fed. Rep. 36, 40; *De Wolf* v. *Crandall*, 2 J. & S. 14; *O'Connor* v. *Varney*, 10 Gray, 231.)

These plaintiffs, by pleading their counterclaim in the Municipal Court action, submitted the entire claim thereon to the jurisdiction of that court. It tried the entire claim and reached the conclusion that a counterclaim for $1,000 had been established. Judgment to that effect was rendered, which was a final and conclusive adjudication of the amount of the counterclaim, binding upon both parties, and prevented a further recovery in another action. The trial court, therefore, was right in holding it was a bar to a recovery in this action.

The judgment of the Appellate Division should be affirmed, with costs.

Hiscock, Ch. J., Hogan, Cardozo, Pound, Crane and Andrews, JJ., concur.

Judgment affirmed.