FLORENCE M. TAPPIN, as Administratrix, etc., Plaintiff, *v.* ARTHUR E. MACLEAN, Defendant.

(County Court, Bronx County, January, 1922.)

County Court — jurisdiction — when judgment in excess of $2,000 may be entered.

> Where the amount demanded by a complaint in a County Court is within the jurisdictional limitation, the jurisdiction to render judgment cannot be defeated by the fact that interest became due during the pendency of the action.
>
> At the time a case in County Court was moved for trial, about ten years after the commencement of the action, and six years after the service of the answer, the sum demanded by the complaint, to wit, $1,959.20, amounted to $2,595.10 because of accrued interest. *Held,* upon a motion for judgment, the defendant not appearing, that plaintiff was entitled to judgment for the full amount demanded by the complaint, with interest to date.

MOTION by plaintiff for judgment, after proof.

M. S. Schector, for plaintiff,

No appearance for defendant.

**758** TAPPIN *v.* MACLEAN.

BAKER, Acting County Judge. The complaint in this action demands judgment for the sum of $1,600 with interest from the 17th day of August, 1911.

The action was commenced by the service of the summons and complaint on May 14, 1915. The answer was verified June 16, 1915.

The amount of the principal and interest, demanded by the complaint, was, at the commencement of the action, $1,959.20. This on December 23, 1921, when the case was moved for trial, amounted to $2,595.20.

The plaintiff, upon the failure of the defendant to appear at the trial, has made satisfactory proof of the cause of action and moves for judgment.

Has the County Court jurisdiction of the cause of action?

This is a court of limited jurisdiction and such limitation, in an action for the recovery of money only, is clearly restricted both by the Constitution and statute to actions "in which the complaint demands judgment for a sum not exceeding two thousand dollars." N. Y. Const. art. 6, § 14; Code Civ. Pro. § 340.

Thus, the amount demanded in the complaint is made the sole test of the property limitation of the power of the court in common law actions. *Halpern* v. *Langrock Bros. Co.,* 169 App. Div. 464; *Howard Iron Works* v. *Buffalo El. Co.,* 176 N. Y. 1.

Applying this test to the present action, we find at the time the action was commenced and the answer served, the amount demanded by the complaint was within the jurisdictional limitation. The power of the County Court to entertain the cause of action and render proper judgment was not and it would seem, could not *then* have been successfully questioned by the answer or otherwise.

The jurisdiction then obtained is continued unless the accrual of interest during the pendency of the action, which increases the amount in controversy to

a sum exceeding two thousand dollars, has divested the court of the jurisdiction it possessed at the beginning.

It seems to be well settled that where circumstances are such as to vest jurisdiction at the time the action is brought, it cannot be ousted by any subsequent event and the judgment must be predicated on the state of things existing when the suit was commenced. *Knickerbacher* v. *Boutwell,* 2 Sandf. Ch. 319; *Koppel* v. *Heinrichs,* 1 Barb. 449; 15 C. J. 773.

It has been held that jurisdiction will not be aided by the fact that more interest became due during the pendency of the suit. *Knickerbacker* v. *Boutwell, supra.*

It must follow by analogy that jurisdiction cannot be defeated by such an event.

This is a wise and necessary rule, otherwise by accrual of interest during the pendency of the action, especially in courts with congested calendars where much time must elapse before a trial can be had, the amount in controversy could easily outgrow the jurisdiction of the court and the litigants would find further efforts barred from this court by limitation of jurisdiction and from other tribunals by limitation of time.

Where it has once acquired jurisdiction, there is no express or implied restriction on the County Court to try issues and render proper judgment. *Howard Iron Works* v. *Buffalo El. Co.,* 176 N. Y. 1; *Hawley* v. *Whalen,* 64 Hun, 550.

Having acquired jurisdiction the County Court may render any judgment or grant either party any relief which the Supreme Court might render or grant in a like case. Code Civ. Pro. § 348; *Howard Iron Works* v. *Buffalo El. Co., supra.*

It was held in *Lewkowicz* v. *Queen Aeroplane Co.,* 207 N. Y. 290, that a legislative grant of power to the

City Court of New York to enter judgment in favor of the plaintiff for an amount in excess of $2,000 conferred a greater jurisdiction than that possessed by the County Courts and was contrary to section 18 of article 6 of the Constitution.

But the standard which marks the maximum limit of the property jurisdiction of the City Court of New York is different from that which marks the limit of the County Court and the distinction has been repeatedly made of the courts.

In the City Court there is no limitation on the amount demanded in the complaint. This court has jurisdiction of any such action brought no matter how large may be the amount in controversy, but its final judgment in favor of the plaintiff is limited to $2,000. Code Civ. Pro. § 316; *Ralli* v. *Pearsall,* 69 App. Div. 254. But in the County Court there seems to be no limitation to the amount for which judgment can be rendered, while the amount demanded in the complaint is limited to $2,000. *Howard Iron Works* v. *Buffalo El. Co., supra.*

This distinction between the limitation based, in the City Court, on the amount for which judgment can be entered, and in the County Court on the amount for which judgment may be demanded, is clearly stated in the opinion of the Appellate Division in *Lewkowicz* v. *Queen Aeroplane Co.,* 154 App. Div. 155, and I do not understand that in affirming this decision, the Court of Appeals (207 N. Y. 290) states any rule differing from that of the Appellate Division or differing from the principles laid down in *Howard Iron Works* v. *Buffalo El. Co.*

I find the plaintiff entitled to judgment for the amount demanded in the complaint, with interest to date.

Judgment for plaintiff.