In the Matter of CORNELIUS E. BYRNE, Respondent, *v.* JANE E. PADDEN, Appellant.

Jurisdiction — summary proceedings — landlord and tenant — accord and satisfaction — wherever brought, judgment in any amount for the rent due may be granted in summary proceedings — such construction not in conflict with section 18 of article 6 of Constitution — City Court of Long Beach — jurisdiction of summary proceeding wherein judgment is demanded for rent due — accord and satisfaction between landlord and tenant.

1. Section 1425 of the Civil Practice Act providing that, in summary proceedings to recover possession of real property, " the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due," is a general provision referring to all applications wherever made. In summary proceedings, therefore, wherever brought, judgment for rent due may be granted, whatever the amount.

2. Nor is such a construction in conflict with section 18 of article 6 of the Constitution providing that the Legislature may not confer on any local court any greater jurisdiction than is conferred on County Courts by the judiciary article.

3. The City Court of Long Beach, therefore, the jurisdiction of which is limited in actions on contract to those where the sum claimed does not exceed one thousand dollars, is authorized to entertain a summary proceeding to recover possession of real property, wherein the petitioner asks judgment for twelve hundred dollars rent due and in which there is pleaded a defense of accord and satisfaction and a counterclaim for damages for breach of contract.

4. Where upon the trial of such a proceeding the evidence shows that there being a genuine dispute between the landlord and tenant as to their rights, in return for the tenant continuing as such and paying a sum stated, the landlord agreed to permit her to remain for the rest of the season and to release his claim for rent unpaid, and a check for the amount named was accepted by the landlord, presented to the bank on which it was drawn and by it certified, there was an accord and satisfaction.

*Matter of Byrne* v. *Padden*, 221 App. Div. 764, reversed.

(Argued April 11, 1928; decided May 29, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 10, 1927, which reversed an order of the Nassau County Court reversing a judgment of the Long Beach City Court in favor of plaintiff entered upon a verdict and directed reinstatement of said judgment.

*William C. Mayer* and *M. John P. Jacobs* for appellant. The City Court of Long Beach because the amount of rent claimed exceeded $1,000 did not acquire jurisdiction of the rent claim to render a money judgment. (*McIntyre* v. *Carriere*, 17 Hun, 64; *Heffron* v. *Jennings*, 66 App. Div. 443; *Madison Estates, Inc.,* v. *Rainess*, 131 Misc. Rep. 45; *Cook* v. *Cook*, 56 Misc. Rep. 249; *Goodman* v. *Jamison*, 72 Misc. Rep. 32; *Nat. Surety Co.* v. *Rosenberg*, 158 App. Div. 896; *Warden* v. *Goldman*, 84 Misc. Rep. 87; *Weis* v. *Richartz*, 130 Misc. Rep. 583; *Central Park-West 84th St. Corp.* v. *Cusack*, 130 Misc. Rep. 770; *Dobrikin* v. *Union R. Co.*, 130 Misc. Rep. 796; *Dilworth* v. *Yellow Taxi Co.*, 220 App. Div. 772.) The waiver by the landlord of demand for a money judgment could not be recalled. (*Alsens A. P. C. Works* v. *Degnon Const. Co.*, 222 N. Y. 34; *Matter of Cushman*, 177 App. Div. 127; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447.) An accord and satisfaction was proved and left nothing for a jury. (*Rauch* v. *Davenport*, 60 Hun, 70; *Reiner* v. *Jones*, 38 App. Div. 441; *Thomson-Houston*

*Elec. Co.* v. *Durant Land Imp. Co.*, 144 N. Y. 34; *Hexter* v. *Knox*, 63 N. Y. 561; *Brewster* v. *Silverstein*, 78 Misc. Rep. 123; *Schnell* v. *Perlmon*, 238 N. Y. 362; *St. Regis Paper Co.* v. *Tonawanda Co.*, 107 App. Div. 90; *Looby* v. *Village of West Troy*, 24 Hun, 78; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Hill* v. *Sommer*, 53 Hun, 392.)

*Frederick W. Shaw* and *John J. Knob* for respondent. The City Court of the city of Long Beach had jurisdiction to try both issues even though the petition and precepts originally demanded judgment in excess of $1,000. (*Cook* v. *Cook*, 107 N. Y. Supp. 384; *Libow* v. *Lauer*, 210 N. Y. Supp. 618; *Central Park-West 84th St. Corp.* v. *Cusack*, 130 Misc. Rep. 770; *Lewkowicz* v. *Queens Aeroplane Co.*, 154 App. Div. 142; 207 N. Y. 290.)

ANDREWS, J.   In April, 1926, Cornelius Byrne leased a house to be used as a boarding house at Long Beach to Mrs. Padden for the summer season. She was to pay therefor $1,100 before May 1st and $1,100 on July 1st. The house was in poor condition and the landlord promised orally to make necessary repairs.   One thousand dollars was in fact paid but when the balance was demanded in July, the tenant refused to pay because this had never been done.   Then late in the month the tenant told Mr. Byrne that the rent should be reduced or she would abandon the premises.   Apparently in their then condition they were not suitable for the purposes for which they had been rented.   Mrs. Padden offered Mr. Byrne a check for $500 indorsed " in full payment for balance of the season, premises 228 East Broadway, Long Beach." If not accepted she again said she would leave the premises. It was accepted.  It has never been returned and by some one, clearly acting on behalf of the landlord, it has been presented to the bank on which it was drawn and certified.

Subsequently Mr. Byrne began proceedings in the City Court of Long Beach to dispossess his tenant for non-

payment of rent. Also he asked to be granted judgment for $1,200 for rent due. The answer pleaded an accord and satisfaction and also counterclaimed for damages for breach of the contract to repair. The charter of the city of Long Beach limits the jurisdiction of the City Court in actions on contract to those where the sum claimed does not exceed $1,000. At the opening of the case the presiding judge called attention to this fact and the attorney for Mr. Byrne stated that he would waive " the demand for a money judgment and proceed solely on the theory of dispossess." At the end of the case repentance came. He then asked to be allowed to recover $700 and said the landlord was asking for a money judgment. On this theory the case was submitted to the jury without objection. A verdict for that amount was rendered and judgment (although not printed in the record) seems to have been entered awarding possession of the property to Mr. Byrne and for $700. The County Court reversed this judgment and ordered a new trial. Its theory was that in these proceedings the recovery of a money judgment is dependent upon a determination of the right to possession (Civ. Prac. Act, § 1425) and the jury not having passed upon that question, the real issue was never tried. This result has been reversed by the Appellate Division, and the judgment of the City Court reinstated. Appeal to us, however, was permitted.

1. As has been said the petition and precept claimed that rent in excess of $1,000 was due. And as has also been said the City Court is given jurisdiction in cases of contract where " the sum claimed does not exceed $1,000," and in numerous other cases with a like limitation. Summary proceedings may also be begun there, but no provision is made as to the value of the lease affected. Such proceedings are to be taken as prescribed by article 83, Civil Practice Act, so far as applicable to courts of justices of the peace. . (L. 1922, chap. 635, § 187.)

At first a dispute would not arise. In 1922 no judgment for rent was allowed as an incident to the removal of a tenant. A change came in 1924. " If," the statute now says, " the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, * * * the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due." (Civ. Prac. Act, sec. 1425.)

The right to rent is based on contract. The jurisdiction of the City Court is limited by the " claim " made. Here no amount need be stated. It is enough if rent in arrears is demanded. Such a proceeding does not come within the letter of the statute. We prefer, however, to place our decision on a broader ground.

These limitations placed upon the jurisdiction of inferior courts are not upon the theory that they are incapable of dealing with larger sums. Their power ordinarily depends upon the amount claimed in the complaint. If it asks more than the sum prescribed, no jurisdiction attaches. It may not act. No subsequent amendment will confer what has never been acquired. But once jurisdiction exists it is not lost because far more than the specified sum may be involved. A County Court may grant judgment in any sum on a counterclaim. (*Howard Iron Works* v. *Buffalo Elevating Co.*, 176 N. Y. 1.) So the Legislature having conferred on County Courts jurisdiction to foreclose a mortgage, and made no limitation as to amount, it may enter a deficiency judgment for whatever is due. (*Hawley* v. *Whalen*, 64 Hun, 550.) In Justices Courts a counterclaim may be pleaded and the claim may be tried. (*Heigle* v. *Willis*, 50 Hun, 588.) Except for the Justice Court Act (sec. 264) an appropriate judgment far in excess of $200 might follow.

In short an inferior or local court, having once obtained jurisdiction may dispose of the entire dispute between the parties unless prohibited by Constitution or statute.

Here the City Court may entertain these summary proceedings. The power to fix the rent due is an incidental matter. There is no intimation that the amount for which judgment may be given is limited — that results differ should the application be made to a justice of the peace, to a county judge, to a judge of the City Court of New York, or to the Municipal Court of that city. Section 1425 is a general provision referring to all applications wherever made.

Nor is such a construction in conflict with section 18, article 6 of the Constitution. The Legislature may not confer on any local court any greater jurisdiction in other respects than is conferred on County Courts by or under the judiciary article. Their jurisdiction is limited in actions for the recovery of money only where the complaint demands judgment for a sum not exceeding $3,000. This is not such a proceeding. Except for this limitation and another not material, the Legislature may enlarge their jurisdiction. And when enlarged jurisdiction is conferred " by and under " the Constitution.

Our conclusion is, therefore, that in summary proceedings, wherever brought, judgment for rent due may be granted, whatever the amount.

2. The verdict as recorded was " in favor of the plaintiff in the sum of $700." It seems to have been assumed that this was also a verdict that the landlord was entitled to possession. No objection was made to it. Had there been there could have been correction. The proper judgment seems to have followed. No point is now made by the appellant. We should not reverse on any such ground.

3. Even if under the counterclaim damages for breach of contract might be proved none were in fact shown. Work was not done. As to its value nothing is said. At most, therefore, if the premises were untenantable the lessee might surrender possession.

4. The serious question is that of accord and satis-

faction. There clearly was a genuine dispute between the parties as to their rights. Mrs. Padden claimed that she had been induced to enter upon the lease by oral promises to make repairs. By renewal of these promises she was induced to pay an installment of rent. The promises were never fulfilled and the house was in no condition to receive boarders. Under the circumstances Mrs. Padden clearly believed she might abandon possession and refuse to pay the balance of $1,200. She maintained this position in the face of threats of suit. Whether she was right or not we are not concerned. We deal with the question whether there was in good faith a dispute between these parties. (*Schnell* v. *Perlmon*, 238 N. Y. 362.)

With affiairs in this condition an accord was reached. In return for her continuance as tenant and paying $500, Mr. Byrne was to permit her to remain for the rest of the season and release his claim for $1,200. And there was a satisfaction for he not only accepted the check but had it certified.

In view of this evidence the proceeding might have been dismissed. In its discretion, however, the County Court granted a new trial. It might do so. (Justices Court Act, sec. 453.) Although mistaken as to the ground taken by it, the result was right. The judgment of the Appellate Division should be reversed and the judgment of the County Court affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.