Estate of Mortimer C. Addoms, Deceased, Landlord, v. Salvatore Citarella, Tenant.

Somach Bros., Inc., and Others, Undertenants.

Municipal Court of New York, Borough of Manhattan, Seventh District, March 14, 1932.

*Clarence K. McGuire*, for the landlord.

*Herbert Kaufman*, for the tenant.

Watson, J. This proceeding is based upon the landlord's claim that the tenant has failed to pay rent of $2,500 for the month of February, 1932, arrears of rent from December 1, 1930, to February 1, 1932, amounting to $6,280.01 and arrears of taxes of $12,695.18 for the years 1930 and 1931 including penalty computed to February 26, 1932, aggregating the sum of $21,475.19, pursuant to the terms of a written lease.

On or about the 19th day of December, 1930 (subsequent to the execution of the original lease), the parties duly executed a modification agreement reducing the amount of rental for a prescribed period, and which among other things expressly provided that " As a condition precedent of this reduction of rental the party of the second part, covenants and agrees to pay all taxes and arrears on the aforesaid property within thirty days from the signing and execution of this agreement."

The agreement further provides that " In the event that the party of the second part shall in any way violate any of the terms, conditions and covenants of aforesaid lease with Mortimer C. Addoms, dated July 10th, 1929, the reduction of Five Thousand ($5000) Dollars for the one year period allowed to the party of the second part by this agreement, shall become null and void and the rental for the premises for the year beginning December 1st, 1930, and ending November 30th, 1931, shall be governed by the terms in the original lease contained."

The tenant admits that the taxes in arrears at the time of the execution of the modification agreement have not been paid, and that taxes for the year 1931, accruing subsequent to the execution of the modification agreement, have not been paid.

The tenant, however, resists the petition of the landlord as to the arrears of rent, on the ground that the tenant has paid, and the landlord has accepted, the reduced rental during the entire period covered in the reduction agreement with knowledge that the tenant had failed to pay the taxes in arrears as a condition precedent to the reduction in rent, and that the landlord thereby waived his right to claim the tenant's breach of the covenant to pay taxes as a destruction of the agreement for the reduced rental.

On the other hand, the reduction in rent was expressly made dependent upon the payment of the taxes by the tenant. The payment of taxes constituted a condition precedent, and unless waived, until the tenant had complied with such condition, no reduction could become effective.

The tenant seeks to evade this fatal objection to his defense on the theory that the landlord, by the acceptance of reduced sums from the tenant in payment of rent, with full knowledge of

the non-payment of the taxes both in arrears and subsequently accruing, constituted a waiver of the non-performance by the tenant of the condition precedent as well as of the terms and covenants of the original hiring. I am unable to subscribe to this argument of waiver advanced by the tenant. The tenant was aware and apprised of the express condition precedent and was in no way misled or deceived by any act or conduct on the part of the landlord.

The tenant did not forfeit any rights or privileges then within his absolute rights. To the contrary, the tenant sought to secure to himself certain benefits and advantages, stipulating that as a condition precedent he should pay certain taxes and assessments and duly carry out the terms and covenants of his agreement of hiring.

It was not incumbent upon the landlord either to demand compliance with the terms of the reduction agreement in regard to the payment of taxes or to notify the tenant of his default thereof. For this court to disregard the express stipulations of the parties would be tanamount to the creation of a new agreement.

The tenant further asserts that the right of the landlord to include non-payment of taxes as rent was made expressly conditioned upon the payment of said taxes by the landlord in the event that the tenant shall be in default of payment of the same. The lease in this respect provides as follows: " In the event that the lessee fails to pay said Taxes, Assessments, Duties, or Water Rates, including charges for the installation of Water meter, and all other charges or impositions whatsoever extra-ordinary as well as ordinary as above stated when the same shall be payable or deliver or exhibit receipts or vouchers thereof, and if such failure shall continue for a period of twenty days after notices and demand by the Lessor, the Lessee shall be in default and the Lessor may at his option pay the same or any of them with interest, charges which may have accrued, or become payable thereon, and in case of such payment the Lessee agrees to make repayment on demand with interest at the rate of six per cent (6%) per annum from the date of such payment so made by the Lessor and in default thereof, the sum or sums so paid by the Lessor together with interest as aforesaid and all costs and charges shall be and hereby are declared to be rent payable on the first day of the next succeeding month."

Unless the landlord brings himself within the provisions of his lease, he cannot base this proceeding upon the non-payment of the taxes by the tenant.

The lease provided that, after taxes became due, the landlord should serve a notice upon the tenant demanding the payment

of the same from him. Only in the event of the tenant's default in payment for twenty days after such notice, then, and in such instance, upon the payment by the landlord of such taxes, the sum or sums so paid by the landlord were to constitute rent payable under the lease.

The landlord has not paid the taxes, the twenty days' notice and demand was not given, and, hence, the amount of the unpaid taxes cannot be considered as rent for the purpose of this proceeding.

The case of *Rector, etc.*, of *Trinity Church* v. *Higgins* (48 N. Y. 532), cited by the landlord, is not authority for his contention that the unpaid taxes may be recovered as rent in this proceeding. In the instant case the tenant's liability under the lease for unpaid taxes is clear, and the landlord is not without his remedy in respect to such liability. The language of the lease is, however, specific, that to constitute the unpaid taxes as rent it must first be shown that the landlord has paid the same by reason of the tenant's default, in order that such taxes may be made the basis of this proceeding.

As to the tenant's contention that this court is without jurisdiction to render judgment in a summary proceeding in a sum in excess of $1,000, suffice it to say that after a careful reading of the opinion of the Court of Appeals in *Matter of Byrne* v. *Padden* (248 N. Y. 243) I am confirmed in my impression that this contention of the tenant is untenable.

By stipulation of the parties at the trial, a final order was duly entered herein in favor of the landlord as against the tenant as of February 29, 1932, the warrant of dispossess to issue on March 1, 1932, it being further stipulated that the question as to the full amount for which judgment might be rendered in favor of the landlord as against the tenant, be made the subject of a separate disposition by the court.

Pursuant to such stipulation, I hereby find and decide as follows: That the landlord is entitled to rent for the month of February, 1932, in the amount of $2,500, arrears of rent from December 1, 1930, to February 1, 1932, in the amount of $6,280.01, amounting in the aggregate to $8,780.01, for which amount judgment may be entered in favor of the landlord and against the tenant.