2525–7TH AVE. CORP., Appellant, *v.* MABEL KNIGHT, Sued Herein as " JANE " KNIGHT, Respondent.

First Department, November 22, 1940.

*William J. Tropp,* for the landlord, appellant.

*Anton R. Siegal,* for the tenant, respondent.

MARTIN, P. J. The landlord-appellant instituted summary proceedings against the tenant-respondent in the Municipal Court, Borough of Manhattan, Tenth District. The tenant-respondent interposed a counterclaim in the sum of $2,000 for personal injuries due to alleged negligence of the landlord-appellant. Judgment was rendered in favor of the landlord-appellant for $104 and in favor of the tenant-respondent on her counterclaim for $1,200.

The sole question presented on this appeal is whether the Municipal Court has jurisdiction to award judgment on a counterclaim in summary proceedings in excess of $1,000, exclusive of interest and costs.

The Municipal Court has jurisdiction in a summary proceeding to recover possession of real property situated wholly or partly within the district where the application is made. (Mun. Ct.

Code, § 6, subd. 2.) As an incident of that jurisdiction it may, in accordance with the provisions of section 1425 of the Civil Practice Act, award judgment for rent in an unlimited amount. (*Matter of Byrne* v. *Padden*, 248 N. Y. 243.) In the latter case it was stated that an inferior or local court having once obtained jurisdiction may dispose of the entire dispute between the parties unless prohibited by Constitution or statute.

Prior to 1915▮ a defendant sued in the Municipal Court could interpose a counterclaim in excess of $1,000 and, if successful, judgment would be entered for the jurisdictional limit of the court with the right to bring an action for the difference between the limit of the court's jurisdiction and the sum claimed, unless, of course, the judgment of the Municipal Court stated that it was for the whole of the amount found to be due. This was changed in 1915 by the adoption of the Municipal Court Code containing section 86 in its present form (Laws of 1915, chap. 279). In *Silberstein* v. *Begun* (232 N. Y. 319) the plaintiffs took the position that section 86 did not change the right to recover the balance on a counterclaim asserted in a Municipal Court action. In holding that section 86 was intended to limit the recovery on a counterclaim in the Municipal Court to the sum of $1,000 and to prevent the maintenance of an action to recover the balance, Judge McLAUGHLIN, writing for the court, said:

" It would be an unreasonable and forced construction to hold otherwise, when section 86 is read and construed with section 157. Unless this be the true construction, nothing was accomplished by the substitution, and such a result cannot be imputed to the Legislature.

" It is also suggested if such construction be put upon section 86 it does an injustice to the defendants; that they had a counterclaim in excess of $1,000, which excess they are deprived of recovering, simply because they used it in opposition to the plaintiffs' claim and to the extent of the court's jurisdiction. If the use thus made of the counterclaim results in doing them an injustice, it is due solely to their own act, since it was optional with them whether they would there use it or not. If they had not there used it, then they could have maintained an independent action to recover the entire amount of the counterclaim. (*Brown* v. *Gallaudet*, 80 N. Y. 413; *Dunham* v. *Bower*, 77 N. Y. 76; *Gillespie* v. *Torrance*, 25 N. Y. 306, 310.) They could not, however, use the counterclaim as they did in the Municipal Court to the extent that it had jurisdiction and then maintain an independent action to recover the balance.

This could not be done because the counterclaim constituted one indivisible claim upon which but one cause of action could be maintained."

We are mindful of the fact that the case of *Silberstein* v. *Begun* (*supra*) was decided prior to the 1924 amendment of section 1425 of the Civil Practice Act, pursuant to which a court having jurisdiction in summary proceedings may enter judgment for rent. As we read the amendment there is nothing to indicate an intention to effect an enlargement of jurisdiction as to counterclaims interposed in summary proceedings.

As to counterclaims, section 86 of the Municipal Court Code provides: "A counterclaim may be interposed and judgment thereon in favor of the defendant may be rendered for any sum not to exceed one thousand dollars exclusive of interest and costs."

It is urged that this section refers to actions only, and has no application to summary proceedings. We find nothing in the section or in the act itself to justify such an interpretation. The jurisdiction of the Municipal Court, in so far as counterclaims are concerned, has, therefore, been limited by the Legislature to $1,000, exclusive of interest and costs, and the court may not entertain a claim in excess thereof, whether asserted in a summary proceeding or otherwise.

In the case of *Matter of Byrne* v. *Padden* (*supra*) the Court of Appeals, speaking of limitations, said: "These limitations placed upon the jurisdiction of inferior courts are not upon the theory that they are incapable of dealing with larger sums. Their power ordinarily depends upon the amount claimed in the complaint. If it asks more than the sum prescribed, no jurisdiction attaches. It may not act. No subsequent amendment will confer what has never been acquired. But since jurisdiction exists it is not lost because far more than the specified sum may be involved. A County Court may grant judgment in any sum on a counterclaim. (*Howard Iron Works* v. *Buffalo Elevating Co.*, 176 N. Y. 1.) So the Legislature having conferred on County Courts jurisdiction to foreclose a mortgage, and made no limitation as to amount, it may enter a deficiency judgment for whatever is due. (*Hawley* v. *Whalen*, 64 Hun, 550.) In Justices Courts a counterclaim may be pleaded and the claim may be tried (*Heigle* v. *Willis*, 50 Hun, 588). Except for the Justice Court Act (sec. 264) an appropriate judgment far in excess of $200 might follow."

The Justices' Courts have jurisdiction in summary proceedings. (Justice Court Act, § 5-a.) Counterclaim jurisdiction is limited to $200. (Justice Court Act, § 264.) Thus it appears that, notwithstanding unlimited jurisdiction as to rent in a summary proceeding,

the Court of Appeals was of the opinion that the jurisdiction of the Justices' Courts on counterclaims is limited. While the expression of its opinion on that question may be regarded as dicta, it is worthy of the utmost respect, and we think, by analogy, it is decisive of the issue before us.

We doubt that it was ever intended that a landlord seeking to recover a small sum for rent could be met with a counterclaim in a personal injury action based on the landlord's negligence, as a result of which he might be faced with a judgment for many thousands of dollars. As a result of allowing such a procedure there would be (1) a preference granted in a personal injury action and (2) the interposition of unjust and unfounded counterclaims in rent cases might cause plaintiff to hesitate about proceeding to collect rent properly due it.

The determination of the Appellate Term and the judgment of the Municipal Court should be modified by reducing the judgment on the counterclaim to $1,000, and as so modified affirmed, without costs.

TOWNLEY and COHN, JJ., concur; O'MALLEY and DORE, JJ., dissent and vote to affirm.

DORE, J. (dissenting). The sole question presented on this appeal is whether the Municipal Court of the City of New York in summary proceedings for non-payment of rent has power to grant judgment on a tenant's counterclaim in excess of $1,000.

Plaintiff, landlord, brought summary proceedings in the Municipal Court to recover from defendant, tenant, $104 representing two months' unpaid rent. Defendant pleaded a general denial and a counterclaim for $2,000 as damages for personal injuries due to plaintiff's alleged negligence in the maintenance of the premises. The trial court, finding in the landlord's favor for the rent in the sum of $104 and in the tenant's favor on her counterclaim in the sum of $1,200, gave judgment in favor of the tenant against the landlord in the sum of $1,096. The Appellate Term unanimously affirmed. By permission of this court, the landlord appeals from that determination on an abbreviated record that raises only the above stated issue of law.

Appellant contends that the Municipal Court lacked jurisdiction to award judgment to the tenant on her counterclaim in summary proceedings in excess of $1,000, and relies on section 86 of the Municipal Court Code. (*Martin* v. *Bull*, 236 App. Div. 637, and *Silberstein* v. *Begun*, 232 N. Y. 319.)

Section 86 of the Municipal Court Code provides: "A counterclaim may be interposed and judgment thereon in favor of the defendant

may be rendered for any sum not to exceed one thousand dollars exclusive of interest and costs."

The Judiciary Article of the State Constitution (Art. 6, § 18) prohibits the Legislature from conferring upon inferior or local courts any greater jurisdiction than is conferred upon County Courts under that article. But under section 11 of article 6, providing for the jurisdiction of County Courts, which are courts of limited jurisdiction, it has been held that where the County Court acquires jurisdiction of an action by the service of a proper complaint, that court may entertain any defense which the defendant sued in that court may have, even though it involves a counterclaim in excess of the then monetary limitation on that court. (*Howard Iron Works* v. *Buffalo Elevating Co.*, 176 N. Y. 1.) In that case the Court of Appeals (per O'BRIEN, J.) said: "The power of the court to render the proper judgment is not limited by the amount of the counterclaim, when jurisdiction of the action is once obtained, but the amount demanded in the prayer of the complaint is the sole test upon that question."

The Municipal Court of the City of New York is an inferior local court of civil jurisdiction. Subdivision 2 of section 6 of the Municipal Court Code provides that said court shall have jurisdiction of " * * * a summary proceeding authorized by the Civil Practice Act to recover possession of real property." Such proceeding is a special proceeding governed by statute. The practice and procedure are contained in the Civil Practice Act, article 83, sections 1410 to 1447, inclusive, which must be read with the relevant portions of the Municipal Court Code. Section 86 of the Municipal Court Code, providing that a judgment on a counterclaim shall not exceed $1,000, is not controlling in a summary proceeding properly brought within the jurisdiction of the Municipal Court of the City of New York.

Section 1425 of article 83 provides that a " counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action," and if the court finds that the counterclaim has been established in whole or in part, the court " may give affirmative judgment for the amount found to be due on the counterclaim."

In *Matter of Byrne* v. *Padden* (248 N. Y. 243), a summary proceeding to dispossess a tenant for non-payment of rent brought in the City Court of Long Beach, which by charter is limited in actions on contract to those in which the sum claimed does not exceed $1,000, the Court of Appeals expressly held that there was no limit to the judgment for rent which might be awarded to the landlord, and said: " These limitations placed upon the jurisdiction of inferior courts are not upon the theory that they are incap-

able of dealing with larger sums. Their power ordinarily depends upon the amount claimed in the complaint. If it asks more than the sum prescribed, no jurisdiction attaches. It may not act. No subsequent amendment will confer what has never been acquired. But once jurisdiction exists it is not lost because far more than the specified sum may be involved. A County Court may grant judgment in any sum on a counterclaim. (*Howard Iron Works* v. *Buffalo Elevating Co.*, 176 N. Y. 1.)"

We find it difficult to accept appellant's argument that while there is no restriction on the amount a landlord may recover for rent in a summary proceeding in the Municipal Court, in spite of the limitations provided in subdivision 1 of section 6 of the Municipal Court Code, there is a restriction on the amount a tenant may recover on a counterclaim interposed in the same proceeding. Clearly that argument is not supported by reason or justice. We think it is not sustained by statutory provision or law.

The cases relied on by appellant and cited above relate to actions and not summary proceedings, and accordingly have no application.

Section 1425 of the Civil Practice Act and not section 86 of the Municipal Court Code controls the determination of the issue of law presented. As above indicated, that section expressly provides that the court may give " affirmative judgment for the amount *found to be due* on the counterclaim " (italics ours), and places no restriction on that amount other than what the facts in each particular case indicate to be the proper " amount found to be due."

In a summary proceeding in the City Court of Niagara Falls, also a court of limited jurisdiction, the Appellate Division of the Fourth Department permitted defendant, a lessee, to interpose a counterclaim for $5,000 and recover $3,637.29 thereon (*Matter of Atlas*, 217 App. Div. 38), and said: " The counterclaims were within the jurisdiction of the courts below. (Civ. Prac. Act, § 1425; *Broadway & 94th Street, Inc.*, v. *C. & L. Lunch Co.*, 116 Misc. 440; revd. on another point, 119 id. 486; *Howard Iron Works* v. *Buffalo Elevating Co.*, 176 N. Y. 1.) "

The Municipal Court having properly obtained jurisdiction of the summary proceedings, had jurisdiction to grant defendant affirmative judgment on her counterclaim in excess of $1,000.

Accordingly, we dissent and vote to affirm the determination of the Appellate Term affirming the judgment of the Municipal Court.

O'MALLEY, J., concurs.

Determination of the Appellate Term and judgment of the Municipal Court modified by reducing the judgment on the counterclaim to $1,000, and as so modified affirmed, without costs.