MONARCH ASSOCIATES, INC., Landlord, *v.* BORK MANUFACTURING Co., INC., Tenant.

Supreme Court, Special Term, Kings County, June 7, 1949.

*Hecht & Glaser* for tenant.

*Dreyer & Traub* for landlord.

WALSH, J. The tenant moves to remove a summary proceeding from the Municipal Court to this court for the reason that the Municipal Court does not have jurisdiction over the counterclaim for $7,000 interposed by the tenant. The ground for the summary proceeding is nonpayment of rent under a lease. The counterclaim for $7,000 is based upon the failure of the landlord to retain the $7,000 security deposit separate from its personal funds as required by section 233 of the Real Property Law.

The court finds in this case that the Municipal Court has jurisdiction over the subject matter of the counterclaim. This is a summary proceeding and under section 1425 of the Civil Practice Act " Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action. * * * If the court finds that a defense or counterclaim has been established in whole or in part, it shall, upon rendering a final order, determine the amount of rent due to the petitioner or make such other proper disposition as shall determine the rights of the parties, and may give affirmative judgment for the amount found to be due on the counterclaim. * * * the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount to be due." The only direct authority found by the court is *Silverman-Mendelson, Inc.*, v. *Malco Trading Corp.* (142 Misc. 636, 640) in which Justice HEARN held, " Under the authority of *Matter of Byrne* v. *Padden* (248 N. Y. 243) and *Citro* v. *Citro* (No. 131, January, 1932, Term, A. T. Second Dept.)" the Municipal Court " has jurisdiction of the counterclaim." There, the complaint was dismissed and judgment on the counterclaim in the sum of $11,195.61 was rendered in favor of the tenant. While the judgment was reversed on other grounds (revd. 146 Misc. 215, affd. 238 App. Div. 852, affd. 262 N. Y. 621), nothing was said to indicate that the Municipal Court did not have jurisdiction of the counterclaim.

Section 86 of the New York City Municipal Court Code (L. 1915, ch. 279) provides that a claim may be interposed and a judgment thereon in favor of the defendant " may be rendered for any sum not to exceed one thousand dollars exclusive of interest and costs." It appears to the court, however, that section 1425 of the Civil Practice Act hereinabove quoted is controlling in a summary proceeding which is unquestionably within the jurisdiction of the Municipal Court (N. Y. City Mun. Ct. Code, § 6, subd. 2).

The tenant relies upon a decison of the Appellate Division of the First Department (*2525–7th Ave. Corp.* v. *Knight*, 260 App. Div. 733) where, by a divided court, it was held that in a summary proceeding for nonpayment of rent the Municipal Court did not have jurisdiction to grant a tenant's counterclaim in excess of $1,000 exclusive of interest and costs. The counterclaim in that case was based upon personal injuries sustained by the tenant due to alleged negligence of the landlord. While that case may be distinguished, the court feels that in the instant case, on the authorities cited, the Municipal Court has jurisdiction. The motion to remove the case is denied. Settle order.