82–10 ROOSEVELT AVE. INC., Landlord, *v.* IRVING SACHS et al.,
Copartners Doing Business as SACHS BROS., Tenants.

Municipal Court of the City of New York, Borough of Queens, December 9, 1949.

*Whitehorn & Cowin* for landlord.

*Winfield De Witt* for tenants.

Dɪ Pɪʀʀo, J. The landlord·has instituted this summary proceeding to obtain possession of certain store premises located at 40–09 82nd Street, Jackson Heights, New York, by reason of the tenants' failure to pay the monthly rent that became due on November 1, 1949, pursuant to the terms of a written lease.

The tenants in their answer admit the execution of the lease and plead by way of affirmative defense that they tendered the emergency rent of $115 per month which the landlord has refused to accept and secondly that an agreement heretofore entered into between the landlord and the tenants' predecessor fixing the reasonable monthly rental in the sum of $300 was in contravention and in violation of the Business Rent Law of this State (L. 1945, ch. 314, as amd.) and an evasion of the provisions of the law. In addition, the tenants likewise counterclaim in the sum of $1,850 representing excess rent for ten months at the rate of $185 per month, which concededly was received and accepted by the landlord.

There is no material dispute concerning the facts in issue. It appears therefrom that the tenants' predecessor, King & King, Inc., had occupied the store premises for many years. On November 4, 1948, the landlord instituted a summary proceeding in this court wherein it sought to obtain possession of the said store for its own use as a real estate office. King & King, Inc., appeared in that proceeding, interposed an answer and demanded a jury trial.

Prior to trial a stipulation was entered into which in substance recites that the proceeding was discontinued and the tenant was to vacate the premises on December 31, 1948. In consideration for vacating the said premises by December 31,

1948, the tenant was to receive the sum of $1,285. The rent for the month of November, 1948, in the sum of $115 was paid and the rent for December in the sum of $300 (the new rent pursuant to the terms of an agreement between the parties) was likewise paid. The rental agreement was entered into simultaneously with the making of the stipulation of discontinuance. The tenant paid the sum of $300 monthly rental for December, 1948, and thereafter vacated the premises. The sum of $1,285 was likewise paid to the tenant.

Thereafter a lease with the present tenants for a term of ten years commencing on January 1, 1949, and terminating on December 31, 1958, was entered into. The stipulated rental for the first five years is $300 per month and for the last five years $350 per month. The landlord concedes that if the present regulatory legislation is still in effect on January 1, 1954, the landlord will only be able to collect $300 per month and not the stipulated rental of $350 per month. It likewise appears that the tenant has paid monthly rental of $300 from January 1, 1949, up to November, 1949, at which time it tendered the sum of $115 claiming that that was the amount the landlord was entitled to as the sum of $115 is the emergency rental.

It thus appears that the rental fixed in the lease under review in the present proceeding was not fixed either by arbitration or by the Supreme Court. Further, no agreement fixing the reasonable rental was entered into between the landlord and these tenants. Furthermore, it affirmatively appears that these tenants were never in possession of the demised premises at any time prior to December 6, 1948, upon which date the lease was signed.

The provisions of the emergency rent control act in force at the time the lease involved herein was executed, specifically provided that in lieu of rent being fixed by arbitration or by the Supreme Court, the parties might fix a reasonable rent by written agreement signed by them provided the " tenant used or occupied the same space on the effective date " of the act.

The tenants herein not having been in possession of the demised premises prior to December 6, 1948, the parties were not authorized to fix the rent by lease or other agreement. (*Taylor* v. *Johnson,* N. Y. L. J., Oct. 28, 1949, p. 1036, col. 3.)

Under the circumstances the only rent that was due and owing to the landlord is that which was tendered to it by the tenants, namely $115 and accordingly the landlord's petition must be dismissed.

Insofar as the tenants' counterclaim is concerned, it follows that the tenants are entitled to an affirmative judgment against the landlord in the sum of $1,000, the limit of this court's jurisdiction. (*2525-7th Ave. Corp.* v. *Knight*, 260 App. Div. 733.)

I therefore find and adjudge that the landlord's petition be and the same is hereby dismissed on the merits after trial and judgment is rendered in favor of the tenants upon their counterclaim and against the landlord in the sum of $1,000. Five days' stay of execution.