■ NOLFI MASONRY CORPORATION et al., Respondents, v LASKER-GOLDMAN CORPORATION et al., Appellants.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about January 31, 1989, which granted plaintiffs' motion for partial summary judgment as to the liability of the corporate defendant under the first cause of action and directed an assessment of damages before a Judicial Hearing Officer, unanimously affirmed, without costs.

This action arises out of the construction of the Research Academic Wing and Health Center of the University of Connecticut at Farmington. The corporate defendant Lasker-Goldman Corporation was engaged by the State of Connecticut to perform the intermediate phase of the construction project. Lasker-Goldman entered into a subcontract dated June 22, 1967 with plaintiff Nolfi Masonry Corporation, formerly known as Frommeyer & Company, Inc. (hereinafter Nolfi), for masonry work. As a result of delays in the project, Nolfi sustained substantial damages and sought compensation from Lasker-Goldman. Lasker-Goldman, in turn, alleged that it had also been damaged by the delays and that the State was responsible. The parties entered into a liquidating agreement in which Nolfi released Lasker-Goldman from liability for "any claims for delays, interferences and design failures." Lasker-Goldman, in a letter, agreed to present Nolfi's claim to the State and to pay over "the full amount of any net recovery by Lasker-Goldman relating to such claims." The letter is dated January 15, 1973 but the release was not signed until July 17, 1975.

In any event, Lasker-Goldman commenced a lawsuit against the State of Connecticut seeking compensation for its own damages in connection with the project, alleged to be $18,000,-000, as well as those costs incurred by Nolfi, $653,407 for expenses occasioned by delays and $34,160 for extra work. This lawsuit was ultimately settled for $12,500,000. A dispute, however, arose regarding Nolfi's proportionate share of the settlement. By letter dated June 15, 1983, Lasker-Goldman wrote to Nolfi stating that it had previously advised Nolfi of "the proportionate share you were entitled to ($133,000.00)."

Upon this appeal, Lasker-Goldman argues that no liquidating agreement exists and that, in any event, the State had no liability in connection with a claim for delay asserted against its contractor by one of the subcontractors and, therefore, that no portion of the settlement is owed to Nolfi. It is clear from the release signed by Nolfi, however, that the subcontractor relinquished its right to proceed against Lasker-Goldman for compensation of its damages. It is also clear from the latter's

correspondence of January 1973 that Nolfi's forbearance was induced by the promise to present its claims in Lasker-Goldman's litigation against the State of Connecticut.

Two well-settled principles bear on this matter. The first is that a binding agreement may be assembled from more than one writing, even if all are not signed by the party against whom enforcement is sought (*Crabtree v Arden Sales Corp.,* 305 NY 48). Nolfi's release of July 1975 and Lasker-Goldman's letters of January 1973 and June 1983 are sufficient to make out an agreement obliging Lasker-Goldman to pay Nolfi a share of the settlement received from the State.

The second principle is that the good-faith relinquishment of a cause of action, even one which proves to be unenforceable, constitutes valid consideration (*Matter of Byrne v Padden,* 248 NY 243). Therefore, the fact that the State bears no responsibility for damages sustained by Nolfi and is only answerable to its contractor, Lasker-Goldman, is not material to the viability of Nolfi's claim arising under the liquidation agreement.

Defendant's other contentions have been examined and found to be without merit. Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.