**In re Ronald CONSTANTINO Sharon Constantino a/k/a Sharon Kachmar, Debtors.**

No. 01–63890.

United States Bankruptcy Court, N.D. New York.

Jan. 14, 2002.

Mark W. Swimelar, Esq. (Lynn Harper Wilson, Esq., Of Counsel), Syracuse, NY, Chapter 13 Trustee.

James F. Selbach, Esq., Syracuse, NY, for Debtors.

### MEMORANDUM–DECISION, FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Under consideration by the Court is an objection filed August 20, 2001, by Mark

Swimelar, Esq., Chapter 13 trustee ("Trustee"), to an exemption claimed by Ronald and Sharon Constantino ("Debtors") with respect to payments being received pursuant to an agreement settling a wrongful death action. The Debtors filed opposition to the Trustee's objection on August 27, 2001.

A hearing on the objection was scheduled for September 18, 2001, in Syracuse, New York, and was adjourned to October 16, 2001. Following oral argument, the Court provided the parties with an opportunity to file memoranda of law. The matter was submitted for decision on November 20, 2001.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(A), (B) and (O).

## FACTS

The Debtors filed a voluntary petition ("Petition") pursuant to Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"), on June 18, 2001.[1] According to Schedule C, attached to the Petition, Debtor Sharon Constantino claims an exemption in the right to receive annuity payments in the amount of $570,000, pursuant to New York Debtor and Creditor Law (N.Y.D & CL) § 283(1).

Debtor Sharon Constantino apparently commenced a wrongful death action on February 9, 1984, in Superior Court of New Jersey, against certain defendants in connection with an automobile accident on May 11, 1983, in which her former husband was killed. See Exhibit A, attached to Trustee's Memorandum of Law, filed November 10, 2001 ("Settlement Agreement"). In addition to a lump sum payment, Debtor Sharon Constantino, a/k/a Sharon Kachmar, was to receive monthly payments of $2,000 ("Monthly Payments"), beginning February 14, 1987, for the duration of her life and at a minimum for 30 years. See id. at ¶ 2(b). She is also to receive other payments on a scheduled basis ("Singular Payments") as follows:

| January 14, 2002 | $ 50,000 |
|---|---|
| January 14, 2005 | 65,000 |
| January 14, 2008 | 80,000 |
| January 14, 2011 | 100,000 |
| January 14, 2014 | 125,000 |
| January 14, 2017 | 150,000 |

See id. at ¶ 2(e) (hereinafter the Monthly Payments and Singular Payments are referred to as the "Periodic Payments" as defined in the Settlement Agreement).

Paragraph 3 of the Settlement Agreement allows the defendants to make an assignment to First Executive Corporation ("Assignee") of the obligation to make future payments. See id. at ¶ 3. Paragraph 5 allows the Assignee to fund the payments by purchasing a funding asset in the form of an annuity policy from Executive Life of New York. See id. at ¶ 5. "All rights of ownership and control of such annuity policy shall be vested in the Assignee . . . ." Id.

The Debtors identify $2,000 per month as income of Debtor Sharon Constantino from the annuity in their schedules. See

---

1. The Debtors previously filed a Chapter 13 petition on August 18, 1999, which was dismissed on January 26, 2000. A second Chapter 13 petition was filed on March 3, 2000. On June 29, 2000, the Trustee filed an objection to an exemption claimed by the Debtors in an annuity of $570,000, which is the subject of the objection herein. An Order was signed on July 21, 2000, sustaining the Trustee's objection. An Order dismissing the case was signed on February 26, 2001, and the case was closed on April 16, 2001.

Schedule I, included with the Debtors' Petition. Debtors also list additional monthly income of $2,435.68. *See id.* After subtracting monthly expenses of $3,962.37, they estimate $473.31 in excess or disposable income. *See* Schedule J, included with the Debtors' Petition. In their Plan, they propose monthly payments to the Trustee of $475 and propose a 25% dividend to unsecured creditors over a period of 36 months.

## DISCUSSION

■ Code § 1306(a)(1) defines property of the estate in a Chapter 13 as including property identified in Code § 541, as well as property acquired after the commencement of the case but before the case is closed, dismissed or converted. *See* 11 U.S.C. § 1306(a)(1). Code § 541(a)(1) provides that the Debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). According to the terms of the Settlement Agreement, the ownership of the annuity policy is vested in First Executive Corporation. However, Debtor Sharon Constantino holds a beneficial interest in the policy to the extent that she has a right to receive to the Periodic Payments from the Assignee. "Congress intended a broad range of property to be included in the estate." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203–04, 103 S.Ct. 2309, 2312–13, 76 L.Ed.2d 515 (1983). As such the Debtor's right to receive the Periodic Payments is property of the estate. *See In re Neto*, 215 B.R. 939, 942 (Bankr. D.N.J.1997) (stating that "a debtor, as a beneficiary, does have very broad and well-established rights in the annuity con-

tract sufficient to bring it within the scope of 11 U.S.C. § 541."); *In re Dees*, 155 B.R. 238, 240 (Bankr.S.D.Ala.1992) (noting that "[t]he structured annuity benefits from the wrongful death settlement accruing to the defendant before, and after, the filing of the bankruptcy petition are property of the estate.").

■ The question then arises whether the right to receive the Periodic Payments in lieu of a lump sum wrongful death settlement is exempt property of the Debtors' bankruptcy estate pursuant to New York's exemption statutes. The Trustee objects to the Debtors' claiming the entire balance of the $570,000 as exempt. In making his objection, the Trustee relies on New York Debtor & Creditor Law ("NYD & CL") § 282(3)(ii). The Debtors assert that there is no basis for the Trustee's objection because the exemption they are claiming is based on NYD & CL § 282(1), as further conditioned by NYD & CL § 283(1).

The Debtors' position is flawed in that Debtor Sharon Constantino does not own the annuity.[2] NYD & CL § 282(1), upon which the Debtors rely, allows a debtor to exempt annuity contracts that are property of the estate. As discussed above, it is Debtor Sharon Constantino's *right to receive* the Periodic Payments that is property of the estate, not the annuity, if one exists. Therefore, NYD & CL § 282(1) is inapplicable to the facts in this case.

Instead, it is NYD & CL § 282(3) that addresses the "Bankruptcy exemption for *right to receive* certain property." NYD & CL § 282(3) (McKinney's 2001). Specifically, NYD & CL § 283(3)(ii) limits the exemption a debtor may claim on "a pay-

---

**2.** For purposes of this discussion, the Court will assume that the Assignee exercised its option to fund the payments to Debtor Sharon Constantino by purchasing an annuity policy. While there has been no evidence that an annuity policy actually exists, none of the parties dispute that Debtor Sharon Constantino is receiving payments under the terms of the Settlement Agreement.

ment on account of the wrongful death of an individual of whom the debtor was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor ...." *Id.* In this case, the Debtors have included the Monthly Payments of $2,000 in their calculation of their disposable income for a period of 36 months. Arguably, any monies in excess of that $72,000, including the Singular Payments, are not reasonably necessary for their support and should be available for payment to the Debtors' creditors. Accordingly, the Trustee's objection is sustained to the extent of the Debtors' claim of an exemption in Debtor Sharon Constantino's right to receive the Periodic Payments as existed on June 18, 2001, when the Debtors filed their most recent Petition.[3]

Based on the foregoing, it is hereby

ORDERED that the Trustee's objection to the Debtors' claim of an exemption in the right to receive the Periodic Payments is sustained.

**3.** The Trustee made the argument that as a result of the Court's Order of February 26, 2001, sustaining his objection to the Debtors' claim of an exemption in the Periodic Payments in the case filed on March 3, 2000, *res judicata* should apply. Given the Court's analysis and the conclusion reached, it is unnecessary to address the Trustee's argument in the context of this case.