**In re Lois R. TAPPAN, Debtor.**

**No. 01–16589 B.**

United States Bankruptcy Court,
W.D. New York.

May 3, 2002.

Penney, Maier, Wallach & Crowe, Mark S. Wallach, of counsel, Buffalo, NY, for trustee.

Jeffrey Freedman Associates, P.C., Mark C. Laudisio, of counsel, Buffalo, NY, for debtor.

CARL L. BUCKI, Bankruptcy Judge.

Lois R. Tappan receives a monthly annuity payment of $418, pursuant to an annuity contract that an insurer had funded under the terms of a structured settlement of a personal injury claim. Fourteen years after accepting that settlement, Ms. Tappan filed the present petition for relief under Chapter 7 of the Bankruptcy Code. Representing that the annuity constitutes almost half of her monthly income, Tappan claims an exemption for that interest. To this exemption, the trustee has filed a timely objection. For the reasons stated hereafter, this objection is overruled.

■ As allowed by 11 U.S.C. § 522(b), the State of New York has elected to establish its own scheme for exemptions from property of a bankruptcy estate. Thus, in New York, personal bankruptcy exemptions are defined by Article 10–A of the Debtor and Creditor Law. In the present instance, Debtor and Creditor Law § 282 states the general rule, that "an individual debtor domiciled in this state may exempt from the property of the estate ... (ii) insurance policies and annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law." Within section 3212, the following language of subdivision (d)(1) speaks spe-

cifically to the standard for an annuity exemption:

> The benefits, rights, privileges and options which, under any annuity contract are due or prospectively due the annuitant, who paid the consideration for the annuity contract, shall not·be subject to execution.

Although Insurance Law § 3212 contains several limitations on this exemption,[1] the trustee focuses his argument on the above language which limits the exemption to rights that are due or prospectively due to an annuitant "who paid the consideration for the annuity contract." Specifically, the trustee contends that because an insurance company paid the consideration for the annuity, Tappan has no right to an exemption. On the other hand, the debtor argues that she paid the ultimate consideration, by reason of her settlement of the claims that she was asserting against the insured.

■ Payment is not an exclusive concept. Within the same transactional event, different perspectives suggest differing designations of payor. With regard to the present creation of an annuity, for example, at least three parties may legitimately claim to have paid consideration: the insurance company from whose account the annuity premium was withdrawn; the insured on whose behalf the insurance company acted; and the claimant whose release was consideration for the insurer's funding of the annuity. This court can discern no basis to classify one such party

as the sole payor of consideration, to the exclusion of the other parties.

The language of Insurance Law § 3212(d)(1) speaks not simply to the payment of an annuity premium, but broadly to the payment of consideration. By reason of her execution of a release of claims arising from a personal injury, Lois Tappan paid consideration for the annuity contract of which she is a beneficiary. Others may be said to have paid consideration, but such characterization will not negate the debtor's entitlement to exempt rights under an annuity contract for which she also paid consideration. Accordingly, the subject annuity will be deemed exempt from administration by the trustee.

If this court were to accept the trustee's view that the debtor did not pay consideration for the annuity contract, then the debtor would undoubtedly contend that the annuity was a trust created by a person other than the debtor. As such, it might well be exempt as a spendthrift trust under Debtor and Creditor Law § 282 and CPLR § 5205(c). The weight of authority supports a contrary view, namely that the creation of such a trust derives from consideration paid by the injured party. *See In re Robbins*, 211 B.R. 2 (Bankr.D.Conn. 1997) and *In re Jordan*, 914 F.2d 197 (9th Cir.1990). Consistency demands, therefore, that Lois Tappan be deemed a source of consideration for all purposes. Not recognized as a spendthrift trust due to it being an asset of the debtor's creation, the annu-

---

1. For example, Insurance Law § 3212(e)(2)(A) disallows an exemption for "the amount of premiums or other consideration paid with actual intent to defraud creditors .... together with interest on such amount." *In the present instance, however,* the annuity contract was created fourteen years ago, presumably prior to any of the debtor's current obligations. Also, Insurance Law § 3212(d)(2) provides that "the court may order the annuitant to pay to a judgment

creditor or apply on the judgment in installments, a portion of such benefits that appears just and proper to the court, with due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the annuitant to other creditors under prior court orders." Even with the annuity proceeds, however, Tappan enjoys only a modest income that would not compel any distribution to creditors.

ity must have as its consideration a payment from the debtor in the form of her release of claim against the insured.

For all of the reasons stated above, the trustee's objection to the debtor's claim of exemption is overruled.

So ordered.