09-4656-bk
In re Baker

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: April 29, 2010)　　　　　　　　　　Decided: May 14, 2010)

Docket No. 09-4656-bk

_____

In Re: WILLIAM WESLEY BAKER

*Debtor.*

_____

MARK W. SWIMELAR, Chapter 13 Trustee,

*Appellant,*

—v.—

WILLIAM WESLEY BAKER, doing business as The Stage Door,

*Appellee.*

_____

Before:

RAGGI, HALL, and CHIN, *Circuit Judges.*

_____

Appeal from a judgment of the United States District Court for the Northern District

of New York (Glenn T. Suddaby, *Judge*), affirming the decision of the bankruptcy court

(Margaret Cangilos-Ruiz, *Judge*) exempting the proceeds of an annuity from the Chapter 13

bankruptcy estate under New York Debtor and Creditor Law § 282 and New York Insurance Law § 3212. We reject the trustee's arguments that the claimed exemption does not apply because (1) the insurance company owns the annuity, and (2) the debtor did not pay consideration for the annuity contract. We conclude that New York law permits the debtor to exempt the annuity payments and that he gave consideration for the contract when he released a wrongful death claim.

AFFIRMED.

------

MAXSEN DAVID CHAMPION, Law Office of Mark W. Swimelar, Syracuse, New York, *for Appellant*.

JAMES HARBERSON (Anthony Inserra, *on the brief*), Watertown, New York, *for Appellee*.

------

REENA RAGGI, *Circuit Judge*:

In filing for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 1301-1330, debtor William Wesley Baker sought to exempt the proceeds of an annuity worth $155,000 from the bankruptcy estate, relying on New York Debtor and Creditor Law § 282 and New York Insurance Law § 3212. Contending that the exemption was not in the best interest of the creditors, bankruptcy trustee Mark W. Swimelar objected. The trustee argued that Baker could not exempt the annuity because (1) it was owned by an insurance company, and (2) Baker had not "paid the consideration for the annuity contract," as required

2

by New York Insurance Law § 3212(d)(1). The United States Bankruptcy Court for the Northern District of New York (Margaret Cangilos-Ruiz, *Judge*) overruled the trustee's objections, and the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*) affirmed. Because we agree with both the bankruptcy court and the district court that the trustee's objections lack merit, we affirm the judgment of the district court.

## I.    **Backround**

The annuity at issue has its origins in an action that Baker filed in 2003 for his wife's wrongful death.[1]  In 2004, as part of the settlement of that action, an insurance company purchased an annuity for Baker's benefit.  Under that annuity, which is owned by the insurance company,[2] Baker is entitled to the following six payments: (1) $10,000 on April 29, 2006; (2) $15,000 on April 29, 2009; (3) $25,000 on April 29, 2012; (4) $30,000 on April 29, 2015; (5) $35,000 on April 29, 2018; and (6) $50,000 on April 29, 2021.

On September 26, 2007, Baker filed for Chapter 13 bankruptcy.  Under 11 U.S.C. § 522(b)(3), Baker claimed exemptions from the bankruptcy estate worth a total of $267,472.68, including future annuity payments. Baker voluntarily proposed to include one

---

[1] The record does not contain details regarding the 2003 wrongful death action. Before the bankruptcy court, the trustee "accept[ed]" Baker's allegations "for purposes of this proceeding."  Mem. of Law in Supp. of Trustee's Objection at 2.

[2] The record indicates that the annuity was purchased by Hartford CEBSCO and that the annuity contract may subsequently have been assigned to GMAC.  For the sake of clarity, we will refer to the annuity owner simply as the "insurance company."

$15,000 annuity payment in the bankruptcy estate and sought to exempt the remaining $140,000.

On December 12, 2007, relying on In re Constantino, 274 B.R. 580 (Bankr. N.D.N.Y. 2002), the trustee objected to Baker's claimed annuity exemption. The trustee argued, inter alia, that the annuity contract was not the property of the bankruptcy estate because the insurance company, not Baker, owned it.

On March 30, 2009, the bankruptcy court overruled the trustee's objection and permitted Baker to exempt $140,000 in future annuity payments. The bankruptcy court reasoned that Baker satisfied the New York exemption because he paid consideration for the annuity contract when he gave up his wrongful death claim. It also recognized its discretion to order Baker to pay a portion of the annuity payments to creditors under New York Insurance Law § 3212(d)(2), but declined to exercise such discretion because "[t]here has been no showing that the Debtor structured the payments under the annuity contract with the intent of avoiding payment to creditors nor [is another] basis presented for the court to exercise its discretion to invade the annuity." In re Baker, No. 07-32440, 2009 WL 2872830, at *3 & n.3 (Bankr. N.D.N.Y. Mar. 30, 2009).

The district court affirmed, prompting this appeal.

## II. **Discussion**

### A. Standard of Review

On appeal from the district court's review of a bankruptcy court decision, "we review

the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo." Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. ("In re Enron Corp."), 419 F.3d 115, 124 (2d Cir. 2005) (internal quotation marks omitted).

B.      Exemptions from a Bankruptcy Estate

A Chapter 13 bankruptcy estate comprises, inter alia, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); see id. § 1306 (defining property of estate for Chapter 13 bankruptcy). Under 11 U.S.C. § 522(b), debtors may exempt certain property from their bankruptcy estate. See generally Rousey v. Jacoway, 544 U.S. 320, 322 (2005) (noting that Bankruptcy Code permits debtors "to retain [certain] assets rather than divide them among their creditors"). In this case, we focus on an exemption provided by New York law. See 11 U.S.C. § 522(b)(3)(A) (allowing debtor to exempt "any property that is exempt under . . . State or local law"); CFCU Cmty. Credit Union v. Hayward, 552 F.3d 253, 258 (2d Cir. 2009) (observing that New York has "opted out" of federal exemption scheme, choosing instead to provide its own exclusive set of exemptions for debtors domiciled in state).

New York allows an individual debtor to exempt "annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law." N.Y. Debt. & Cred. Law § 282. The cited section of the Insurance Law provides, in turn, that "[t]he benefits, rights, privileges and options which, under any annuity contract are

5

due or prospectively due the annuitant, who paid the consideration for the annuity contract, shall not be subject to execution." N.Y. Ins. Law § 3212(d)(1).

C.      Baker Has an Interest in the Annuity Payments

On appeal, the trustee maintains that Baker cannot rely on New York law to exempt the annuity at issue from the bankruptcy estate because he does not own it. The argument is flawed in conflating the annuity contract, which is owned by the insurance company, with the proceeds payable under that contract, which are due solely to Baker. New York law does not exempt only the annuity; it exempts the "proceeds and avails thereof," N.Y. Debt. & Cred. Law § 282, specifically providing that "[t]he benefits, rights, [and] privileges" under the annuity contract are "not subject to execution," N.Y. Ins. Law § 3212(d)(1). These provisions are broad enough to allow Baker to exempt future annuity payments from the bankruptcy estate. See In re Keil, 88 F.2d 7, 8 (2d Cir. 1937) (observing that "[e]xemption statutes are to be liberally construed" in interpreting term "proceeds and avails"); Webster's Third New International Dictionary 150 (1986) (defining "avails" as "profits or proceeds esp. from a business or from the sale of property"); id. at 1807 (defining "proceeds" as "what is produced by or derived from something (as a sale, investment, levy, business) by way of total revenue").[3]

---

[3] To the extent the trustee argues that the bankruptcy court erred in "creat[ing]" an "equitable ownership interest" over these payments, he is mistaken. Appellant's Br. at 8. The annuity contract creates a legal right for Baker to receive the challenged payments, and New York law provides that the payments may be exempt from the bankruptcy estate. See

6

The trustee's argument to the contrary contradicts itself. The trustee suggests that the annuity proceeds are not part of the bankruptcy estate for purposes of the exemption but are property of the estate for purposes of distribution to creditors. To the extent In re Constantino, 274 B.R. 580, supports this position, it is not persuasive. Constantino acknowledged that the right to receive annuity payments was property of the bankruptcy estate. See 274 B.R. at 582. In holding that a debtor could exempt annuity payments only to the limited extent necessary for the support of the debtor under New York Debtor and Creditor Law § 282(3)(ii), Constantino misconstrued the annuity exemption of New York Debtor and Creditor Law § 282 and Insurance Law § 3212 to apply only to annuities owned by the debtor. See 274 B.R. at 582-83. This conclusion overlooks the plain language of § 3212(d)(1), which governs annuities and exempts from attachment not only annuity contracts owned by the debtor, but also the "benefits, rights, privileges and options" of an annuity contract for which the annuitant "paid the consideration." Bankruptcy cases addressing § 3212 have thus concluded that debtors may exempt annuity payments from the bankruptcy estate. See Jacob v. Swimelar ("In re Jacob"), 418 B.R. 37, 40-41 (N.D.N.Y. 2009); In re Lyons, 381 B.R. 444, 450-55 (Bankr. S.D.N.Y. 2008); In re Tappan, 277 B.R. 491, 492 (Bankr. W.D.N.Y. 2002). We think these cases accurately state New York law.

Finally, the gap between our approach and that employed in Constantino may not be

---

N.Y. Debt. & Cred. Law § 282; N.Y. Ins. Law § 3212(d)(1).

as wide as the parties suggest.  In <u>Constantino</u>, the court permitted the debtor to exempt only so much of the annuity payments as was "'reasonably necessary for [her] support.'" 274 B.R. at 583 (quoting N.Y. Debt. & Cred. Law § 282(3)(ii)).  Under Insurance Law § 3212(d)(2), a "court may order the annuitant to pay to a judgment creditor or apply on the judgment in installments, a portion of such benefits that appears just and proper to the court, with due regard for the reasonable requirements of the judgment debtor and his family."  We need not now decide whether or when this subsection permits a bankruptcy court to attach some portion of an annuity if doing so would be "just and proper," <u>see</u> <u>In re Lyons</u>, 381 B.R. at 452 (interpreting "judgment creditor" in N.Y. Ins. Law § 3212(d)(2) "to extend to any party in interest in a bankruptcy case"), because the bankruptcy court concluded that no basis was "presented for the court to exercise its discretion to invade the annuity," <u>In re Baker</u>, 2009 WL 2872830, at *3 n.3.  Moreover, as the trustee acknowledged at oral argument, the trustee did not invoke § 3212(d)(2) in the bankruptcy court, the district court, or this court in his opening brief.  <u>See</u> <u>Virgilio v. City of New York</u>, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)); <u>Norton v. Sam's Club</u>, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Accordingly, we here conclude only that the debtor held an interest in annuity proceeds that New York law permitted him to exempt from the bankruptcy estate.

D.    Baker Provided Consideration for the Annuity Contract When He Released His Wrongful Death Claim

The trustee contends that the annuity is not exempt because Baker did not "pa[y] the consideration for the annuity contract." N.Y. Ins. Law § 3212(d)(1). We easily conclude, however, that Baker provided the requisite consideration when he released his wrongful death claim. See Penguin Group (USA) Inc. v. Steinbeck, 537 F.3d 193, 201 (2d Cir. 2008) ("Forbearance to assert a valid claim, if bargained for, is sufficient consideration to support a contract." (internal quotation marks and alteration omitted)); Hamer v. Sidway, 124 N.Y. 538, 545 (1891) ("It is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him." (internal quotation marks omitted)); accord Holt v. Feigenbaum, 52 N.Y.2d 291, 299, 437 N.Y.S.2d 654, 658 (1981). To the extent the trustee suggests that Baker did not have the right to give up a wrongful death claim, that argument fails because "[a] cause of action to recover damages for wrongful death is a property right belonging solely to the distributees of the decedent and vests in them at the decedent's death." Carter v. N.Y. City Health & Hosps. Corp., 47 A.D.3d 661, 663, 851 N.Y.S.2d 588, 590 (2d Dep't 2008) (internal quotation marks omitted). In any event, "good-faith relinquishment of a cause of action, even one which proves to be unenforceable, constitutes valid consideration." Nolfi Masonry Corp. v. Lasker-Goldman Corp., 160 A.D.2d 186, 187, 553 N.Y.S.2d 156, 157 (1st Dep't 1990) (citing Byrne v. Padden, 248 N.Y. 243 (1928)).

9

**III.    Conclusion**

Accordingly, we conclude that New York law allows Baker to exempt the challenged annuity payments from his Chapter 13 bankruptcy estate.

AFFIRMED.