13-3305-bk
*In re DPH Holdings Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT:

    DEBRA ANN LIVINGSTON,
    CHRISTOPHER F. DRONEY,

                *Circuit Judges,*
    ALISON J. NATHAN[*],

                *District Judge.*

_____

IN RE DPH HOLDINGS CORP.:

                *Debtor,*

STATE OF MICHIGAN WORKERS' COMPENSATION INSURANCE AGENCY,
STATE OF MICHIGAN FUNDS ADMINISTRATION,

                *Defendants-Appellants,*

      -v.-                           No. 13-3305-bk

_____

[*] Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

1

ACE AMERICAN INSURANCE COMPANY,
PACIFIC EMPLOYERS INSURANCE COMPANY,

*Plaintiffs-Appellees.*

_____

BILL SCHUETTE (Susan Przekop-Shaw, Dennis Jay Raterink, *on the brief*), Office of the Attorney General of the State of Michigan, *for Defendants-Appellants.*

ANTON METLITSKY, O'Melveny & Myers LLP, New York, NY (*on the brief*), JONATHAN D. HACKER, O'Melveny & Myers LLP, Washington, D.C., LEWIS R. OLSHIN, WENDY M. SIMKULAK, Duane Morris LLP, Philadephia, PA, WILLIAM C. HEUER, Duane Morris LLP, New York, NY, ROBERT G. KAMENEC, Plunkett Cooney, P.C., Bloomfield Hills, MI, MARTIN G. BUNIN, WILLIAM HAO, Alston & Bird LLP, New York, NY, *for Plaintiffs-Appellees.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED.**

In 2005, Delphi Corporation ("Delphi"), now reorganized as DPH Holdings Corporation, filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. During those proceedings, Plaintiffs-Appellees ACE American Insurance Company and Pacific Employers Insurance Company (collectively, "the Insurers") initiated this adversary action seeking, *inter alia*, a declaration that their insurance policies with Delphi do not obligate them to assume Delphi's workers' compensation liabilities arising from the company's self-insured entities in Michigan. After this Court affirmed the denial of a motion to dismiss, *In re DPH Holdings Corp.*, 448 F. App'x 134 (2d Cir. 2011), Defendants-Appellants State of Michigan Funds Administration and State of Michigan Workers' Compensation Agency (collectively, "Michigan Defendants") answered the Insurers' complaint and the parties cross-moved for summary judgment. The

2

bankruptcy court (Drain, *J.*) granted summary judgment to the Insurers and entered a final judgment in their favor. On August 1, 2013 the district court (Engelmayer, *J.*) affirmed that decision. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Michigan Defendants first challenge the bankruptcy court and district court decisions that pursuant to the plain terms of the Insurers' contracts with Delphi, these contracts do not provide workers' compensation coverage for Delphi or its self-insured subsidiaries in Michigan. "On appeal from the district court's review of a bankruptcy court decision, 'we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*.'" *In re Baker*, 604 F.3d 727, 729 (2d Cir. 2010) (quoting *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005)). Because the Federal Rules of Bankruptcy Procedure import the summary judgment standard of Federal Rule of Civil Procedure 56(a), Fed. R. Bankr. P. 7056, summary judgment is only appropriate if, "after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, . . . 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Silverman v. Teamsters Local 210 Affiliated Health & Ins. Fund*, 2014 WL 3765933, at *6 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).

We agree with the bankruptcy court that, by their plain meaning, the Insurers' contracts do not cover Delphi or its self-insured subsidiaries in Michigan. The "cardinal rule" of Michigan contract law "is to ascertain the intentions of the parties." *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 473 Mich. 188, 197 (2005). When the terms of a contract are unambiguous, the contract is "not open to judicial construction and must be enforced as written." *Rory v. Cont'l Ins.*

3

*Co.*, 473 Mich. 457, 468 (2005). *See also Shay v. Aldrich*, 487 Mich. 648, 650 (2010). In general, "[i]nsurance policies are contracts and . . . are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins. Co. v. Hyten*, 491 Mich. 547, 554 (2012) (citation omitted). But "when a provision in an insurance policy is mandated by statute, the rights and limitations of the coverage are governed by that statute." *Id.* Under the Michigan Workers' Disability Compensation Act, "[e]very contract for insurance . . . shall be subject to the provisions of this act and provisions inconsistent with this act are void." Mich. Comp. Laws § 418.621(1). *See also New Amsterdam Cas. Co. v. Moss*, 312 Mich. 459, 472 (1945).

The Insurers' contracts with Delphi between 2000 and 2008 unambiguously limit coverage in Michigan to identified Delphi entities that were not self-insured in the state. While these multi-state contracts consistently list Delphi as "the insured" or the "named insured," each state — including Michigan — has a separate section that identifies particular Delphi entities as the insured parties and estimates insurance premiums based on those entities. Each Michigan-specific section identifies only Delphi entities that lacked self-insurance in the state. Every contract also contains an explicit provision stating that the insurance policies cover all workplaces in states that have separate information pages "unless you have other insurance or are self-insured for such workplaces." J.A. 644. The contracts between 2003 and 2008 even have an "exclusion endorsement" that denies coverage to entities in Michigan that are covered by separate excess policies issued to Delphi's self-insured entities. J.A. 3154. The general references to Delphi do not override the clear intent of these Michigan-specific sections and additional exclusions. *See Kmart Corp. v. Firemen's Fund Ins. Co.*, 88 F. Supp. 2d 767, 774 (E.D. Mich. 2000) ("Michigan law requires that where a specific contract clause is at odds with a general contract clause, the more

4

specific clause will control."); *Klapp v. United Ins. Grp. Agency, Inc.*, 468 Mich. 459, 468 (2003) (noting that courts should "avoid an interpretation that would render any part of the contract surplusage or nugatory").

We reject the Michigan Defendants' argument that the inclusion of the "Michigan Endorsement" in every contract overrides this clear and unambiguous language and extends coverage to all of Delphi's Michigan entities. By its terms, the "Michigan Endorsement" applies only to the "insured employer." *See* Mich. Comp. Laws § 418.621(4). In context, the plain meaning of "insured employer" in these contracts is limited to those entities covered in the policies. Each contract states that the Endorsement applies "only to the insurance provided by the policy." J.A. 2748. As previously discussed, the policies cover particular Delphi entities in Michigan that lack self-insurance, not all of Delphi's Michigan entities.

Nothing in the Michigan Workers' Disability Compensation Act is contrary to the contractual provisions that state the parties' agreement as to which Delphi-related entities are provided coverage under the contracts, nor does the Act render the parties' intent on this issue irrelevant. The Insurers are not obligated to cover Delphi's self-insured entities under Michigan law, *see* Mich. Comp. Laws § 418.621(2), and the contracts here do not provide coverage to these entities. As a result, the Insurers "only ask[] that [the court] not impose upon [them] obligations which [they] never contracted to assume and which are not mandated by the statute." *McQueen v. Great Markwestern Packing Co.*, 402 Mich. 321, 334 (1978). Because of that, and for the reasons stated in the district court's opinion, these insurance contracts neither conflict with the Workers' Disability Compensation Act nor upset Michigan's system of workers' compensation.

The Michigan Defendants next contend that the Insurers' suit violates its sovereign immunity. We find this argument unpersuasive. This Court has already decided that, "[s]ince the adversary proceeding here is an *in rem* proceeding (or, at least, is otherwise necessary to effectuate the *in rem* jurisdiction of the Bankruptcy Court), it does not offend the Michigan Defendants' sovereign immunity." *In re DPH Holdings Corp.*, 448 F. App'x at 137 (citing *Cent. Va. Comm. Coll. v. Katz*, 546 U.S. 356, 377 (2006)). The Michigan Defendants have not raised any arguments that warrant reconsidering that decision.

Finally, we reject the Michigan Defendants' argument that the district court should have abstained from affirming the bankruptcy court's decision as a matter of permissive abstention under 28 U.S.C. § 1334(c)(1) or mandatory abstention pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). First, this Court does not have jurisdiction to review the district court's permissive abstention decision. *See* 28 U.S.C. § 1334(d). Second, we detect no abuse of discretion in the district court's decision that *Burford* does not require abstention in this case. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 90 (2d Cir. 2004).

We have reviewed Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6