11-2560-bk
Kagan v. Saint Vincents Catholic Medical Centers of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fourteen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
DENNY CHIN,
*Circuit Judge*,
LORETTA A. PRESKA,
*Chief District Judge*.\*

---

IN RE: SAINT VINCENTS CATHOLIC MEDICAL
CENTERS OF NEW YORK,

ERICA T. KAGAN,

    *Appellant*,

       v.                    No. 11-2560-bk

SAINT VINCENTS CATHOLIC MEDICAL CENTERS
OF NEW YORK,

    *Debtor-Appellee*.

---

\* The Hon. Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:               YETTA KURLAND, The Kurland Group, New York, NY.

For Debtor-Appellee:         P. BRADLEY O'NEIL (Benjamin C. Wolf, *on the brief*), Kramer Levin Naftalis & Frankel, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the decision of the district court is **AFFIRMED**.

Appellant Erica T. Kagan appeals from a May 27, 2011 judgment entered by the U.S. District Court for the Southern District of New York (Rakoff, *J.*), which affirmed the decision of the bankruptcy court (Morris, *Chief Bankr. J.*) staying Kagan's state court action against the New York Department of Health ("DOH") brought under New York's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law § 87. In her state court action, Kagan sought the disclosure of certain public records related to the closure of a Manhattan hospital owned by Debtor-Appellee Saint Vincents Catholic Medical Centers of New York ("Saint Vincents"). The bankruptcy court found that the purpose of Kagan's action was to investigate claims belonging exclusively to the bankruptcy estate and concluded that the suit was barred by the automatic stay under 11 U.S.C. § 362(a). In the alternative, the bankruptcy court found that Kagan's state court suit would interfere with the bankruptcy court's administration of the estate and therefore stayed the suit pursuant to its equitable authority under 11 U.S.C. § 105(a). The district court affirmed. On appeal, Kagan argues that the bankruptcy court's factual findings were clearly erroneous, that her state court suit does not violate the automatic stay, that the bankruptcy court lacked authority to extend the stay under § 105(a), and that the bankruptcy court's orders violate her constitutional rights under the First, Fifth, Tenth, and Fourteenth Amendments. We assume the

2

parties' familiarity with the underlying facts, procedural history of the case, and issues presented for review.

"On appeal from the district court's review of a bankruptcy decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81, 87 (2d Cir. 2014) (quoting *In re Baker*, 604 F.3d 727, 729 (2d Cir. 2010)). Where the bankruptcy court possesses equitable authority, "we review the exercise of that equitable authority only for abuse of discretion." *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 607 (2d Cir. 2007).

On our independent review of the record, we agree with the district court that the bankruptcy court acted within its authority when it stayed Kagan's state court action pursuant to its equitable powers under § 105(a). A bankruptcy court has equitable authority under § 105(a) "to assure the orderly conduct of the reorganization proceedings." *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985). Here, the bankruptcy court reasonably found that the purpose of the state court action was to investigate causes of action within the bankruptcy court's exclusive purview. After all, Kagan's petition initiating the state court action attached an affirmation containing incendiary allegations of fraud, waste, and improper transfers in connection with the operation and closing of the hospital, which were purportedly uncovered as part of an ongoing "investigation into the financial practices of St. Vincent's Hospital." App. 62. Such claims of fraud, waste, and improper transfers clearly represent property of the bankruptcy estate. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (per curiam) (explaining that property of the estate includes "causes of action owned by the debtor or

3

arising from property of the estate"). Indeed, at the time Kagan commenced her state court action, these same kinds of claims were already the subject of an investigation authorized by the official committee of unsecured creditors. In these circumstances, the bankruptcy court reasonably determined that by placing issues within the bankruptcy court's exclusive jurisdiction before a state court, Kagan had invited judicial confusion and raised "the specter of direct impact on the *res* of the bankrupt estate." *Picard v. Fairfield Greenwich Ltd.*, -- F.3d --, 2014 WL 3882481, at *9 (2d Cir. Aug. 8, 2014) (quoting *In re Quigley Co.*, 676 F.3d 45, 58 (2d Cir. 2012)). We see no abuse of discretion in the bankruptcy court's exercise of its equitable authority under § 105(a).

Because we affirm the bankruptcy court's extension of the stay under § 105(a), we need not address whether Kagan's state court action violated the automatic stay under § 362(a). With respect to Kagan's constitutional claims, which Kagan failed to raise to the bankruptcy court but which the district court rejected on the merits, we reject Kagan's arguments for substantially the reasons stated by the district court in its well-reasoned opinion and order entered on May 24, 2011.

Kagan also urges us to vacate the bankruptcy court's order in light of facts that have arisen in the meantime, including the fact that Saint Vincents has now emerged from bankruptcy. Because these facts were not available to the bankruptcy court when it issued its order, we will not consider them on this appeal. However, notwithstanding our rejection of Kagan's arguments on appeal, nothing in this order prevents Kagan from returning to the bankruptcy court and filing a motion for the court to lift its previously imposed stay based on changed circumstances. The bankruptcy court in its discretion may then consider such a request and the relevance of any changed circumstances in the first instance.

4

We have considered all of the appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK