16-143-cv

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand sixteen.

PRESENT:   DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges*,
           RICHARD M. BERMAN,
                   *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: DAVID KADOCH,

                   *Debtor.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LAURIE KADOCH,

                   *Appellant,*

           v.                                              16-143-cv

---

\*          Judge  Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

DAVID D. KADOCH,

          *Appellee,*

JOHN R. CANNEY,

          *Trustee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                    JAMES B. ANDERSON, Ryan Smith & Carbine, Ltd., Rutland, Vermont.

FOR APPELLEE:                    JENNIFER R. EMENS-BUTLER, Obuchowski & Emens-Butler, P.C., Bethel, Vermont.

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Laurie Kadoch ("Laurie") appeals from the district court's judgment entered December 15, 2015, affirming the order of the United States Bankruptcy Court for the District of Vermont (Brown, *B.J.*) entered April 3, 2015, and its order entered April 17, 2015, denying her motion for reconsideration. In its orders, the bankruptcy court overruled Laurie's objections to the claim of debtor-appellee David Kadoch ("David") to a homestead exemption. The district court explained its reasons in an opinion and order also entered December 15, 2015. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

Laurie and David were married for many years. In 2004 and 2005, they borrowed money from Laurie's parents to renovate their property in Quechee, Vermont (the "Property"). They divorced in 2010, and their final divorce decree reflected their stipulation that David would sell the house and the parties would use the proceeds to repay the outstanding loan from Laurie's parents, and that until the Property was sold David could remain in sole possession. In October 2010, a state court judgment was entered on the debt against David in favor of Laurie's mother, and in July 2014, David was found in contempt of the divorce decree because he failed to sell the Property.

David filed for bankruptcy on October 10, 2014 and claimed a homestead exemption in the Property under Vermont law, Vt. Stat. Ann. tit. 27, § 101; Vt. Stat. Ann. tit. 12, § 3023. Laurie and her mother objected to the homestead exemption; the bankruptcy court overruled the objection and ruled David's homestead exemption effective. After the bankruptcy court denied Laurie's motion for reconsideration, she appealed to the district court. The district court affirmed.

Laurie argues that (1) the *Rooker-Feldman* doctrine deprived the bankruptcy court of jurisdiction to decide whether David was entitled to a homestead exemption, (2) Laurie and David's divorce decree excluded the Property from the bankruptcy estate, (3) the bankruptcy court erred in its calculation of equity in the homestead property, and (4) the bankruptcy court abused its discretion when it denied her motion to reconsider.

3

"The rulings of a district court acting as an appellate court in a bankruptcy case are subject to plenary review." *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002). "[W]e review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re Baker*, 604 F.3d 727, 729 (2d Cir. 2010). The bankruptcy court's decision to deny Laurie's motion for reconsideration is reviewed for abuse of discretion. *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012). We conclude, based on our review of the record and the relevant case law, that that the district court correctly affirmed the bankruptcy court's order overruling Laurie and her mother's objections to David's homestead exemption and the order denying reconsideration.

First, the *Rooker-Feldman* doctrine did not bar the bankruptcy court from determining whether a homestead exemption applied because David did not lose in the state family court and the issue of the homestead exemption was not raised in those proceedings. The state court divorce decree was a so-ordered stipulation imposing obligations on both Laurie and David, and by requesting a homestead exemption, David was not "seeking review and rejection" of the divorce decree. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

Second, notwithstanding the divorce decree, the Property remained property of the bankruptcy estate because it did not create either a lien on the Property or a debt owed by David to Laurie; rather, both Laurie and David were required to sell

4

their interests in their jointly owned Property to pay joint marital debt. Although the family court determined how Laurie and David would manage their debts and liabilities, once David filed in bankruptcy, the family court decree could not override his discharge in bankruptcy, except as permitted by the Bankruptcy Code. *See in re Palmer*, 78 B.R. 402, 406 (Bankr. E.D.N.Y. 1987); *see also Ridgway v. Ridgway*, 454 U.S. 46, 55 (1981) ("[A] state divorce decree, like other law governing the economic aspects of domestic relations, must give way to clearly conflicting federal enactments.").

Third, the bankruptcy court did not clearly err in concluding that there was sufficient equity in the Property to which a homestead exemption could attach or in computing the allocation of net proceeds from the sale. *See In re Kleinfeldt*, No. 06-10415, 2007 WL 2138748, at *4 (Bankr. D. Vt. July 23, 2007).

Finally, the bankruptcy court did not abuse its discretion when it denied Laurie's motion for reconsideration. The issue of whether the homestead property was excepted from discharge because of 11 U.S.C. § 523(a)(15), and the other issues raised in her motion for reconsideration, could have been or should have been raised in the original motion. *See Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Moreover, the bankruptcy court considered and rejected the § 523(a)(15) issue on the merits. *See* Order Denying Laurie Kadoch's Motion to Reconsider, App. at 13 ("Even if the Court were to find [David's] obligation to [Laurie's mother] was non-dischargeable pursuant to § 523(a)(15), this would not alter the Court's conclusion that [David] is

5

entitled to a homestead exemption to which [Laurie's mother]'s debt is subject. Dischargeability and enforcement of debts are distinct questions.").  The bankruptcy court did not err in holding that the divorce decree did not preclude David's invocation of the homestead exemption in subsequent bankruptcy proceedings.

Accordingly, we affirm substantially for the reasons stated by the district court in its thorough and well-reasoned December 15, 2015 opinion and order.  We have considered all of Laurie's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6