39E67th LLC v Bivins (2018 NY Slip Op 00384)





39E67th LLC v Bivins


2018 NY Slip Op 00384


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5498 161316/14

[*1]39E67th LLC, et al., Plaintiffs-Appellants,
v
Oliver Bivins, Jr., et al., Defendants-Respondents.


Kriss & Feuerstein LLP, New York (Michael J. Bonneville of counsel), for appellants.
Vernon & Ginsburg, LLP, New York (Bari Wolf of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 18, 2016, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the breach of contract cause of action and denied plaintiffs' cross motion for summary judgment on that cause of action, unanimously affirmed, with costs.
In the 2013 "Summary of Terms" (the contract on which plaintiffs sue), defendants Oliver Bivins, Jr. (Oliver Jr.) and Estate of Lorna Bivins agreed to transfer 20% of 39 East 67th Street to plaintiff Beachton Tuxedo LLC in exchange for, inter alia, Beachton's release of its claim to 40% of 808 Lexington Avenue, which claim was based on an October 2012 agreement between Beachton and Oliver Jr. The motion court found that this consideration was illusory because Oliver Jr. could not have conveyed any interest in 808 Lexington Avenue as of October 2012. However, Lorna (Oliver Jr.'s mother) owned at least 50%, and possibly 100%, of the Lexington Avenue property. When she died intestate in February 2011, title to that property vested in Oliver Jr., her only child and heir (see Matter of Kingsland v Murray , 133 NY 170, 174 [1892]; see also Matter of Ramsdill , 190 NY 492, 495 [1908]). Thus, as the owner of at least 50% of 808 Lexington Avenue, Oliver Jr. had the power in October 2012 to agree to give 40% of the property to Beachton.
We affirm the dismissal of the contract claim. First, the only proper plaintiff on this claim is Beachton; none of the other plaintiffs were parties to the Summary of Terms. Second, as to Beachton, reading the Summary of Terms together with the October 2012 agreement to which it refers (see e.g. Nolfi Masonry Corp. v Lasker-Goldman Corp. , 160 AD2d 186, 187 [1st Dept 1990]), it is clear that Beachton had the right to convert its mortgage note into equity as long as the note had not been paid in full. However, in December 2014, Beachton was paid in full. In opposition to plaintiffs' cross motion, Oliver Jr. submitted an affidavit saying, "I never agreed to give [plaintiff Edward Kuhnel, a member and organizer of Beachton] both the 808 Lexington mortgage and equity to exchange for equity in 67th Street . . . . [I]t was either one or the other." [*2]The affidavit that plaintiffs submitted in reply on their cross motion did not dispute this.
We have considered plaintiffs' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK