UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of February, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges*.
             JESSE M. FURMAN,
                     *District Judge*.[1]

_____

IN RE: WESTINGHOUSE ELECTRIC COMPANY, LLC,

             *Debtor*.

RICHARD LIGHTSEY, JESSICA COOK,

             *Appellants*,

             v.                                          19-1160

W WIND DOWN CO LLC,

             *Debtor-Appellee*.

_____

---

[1] Judge Jesse M. Furman, United States District Court for the Southern District of New York, sitting by designation.

For Appellants:          Daniel Scott Maland (David L. Rosendorf, *on the brief*), Kozyak
                         Tropin & Throckmorton LLP, Coral Gables, FL.

                         Daniel A. Speights, A. Gibson Solomons, Speights & Solomons,
                         Hampton, S.C. (*on the brief*).

                         Terry E. Richardson, Daniel S. Haltiwanger, Richardson, Patrick
                         Westbrook & Brickman, L.L.C., Barnwell, S.C. (*on the brief*).

                         J. Preston Strom, Jr., Strom Law Firm, L.L.C., Columbia, S.C. (*on
                         the brief*).

For Debtor-Appellee:     Robert Berezin (Gary Holtzer, Edward Soto, *on the brief*), Weil,
                         Gotshal & Manges LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellants Richard Lightsey and Jessica Cook appeal from the March 27, 2019 opinion and order of the United States District Court for the Southern District of New York (Nathan, *J.*), affirming the February 1, 2018 order of the United States Bankruptcy Court for the Southern District of New York (Wiles, *J.*) denying their motion for relief from an automatic stay. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"On appeal from the district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re Baker*, 604 F.3d 727, 729 (2d Cir. 2010) (internal quotation marks and citation omitted).

On appeal, Appellants contend that the district court erred in holding that their claims against Westinghouse were pre-petition claims. The Bankruptcy Code defines "claim" in relevant part as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Under our case law, "[a] valid pre-petition claim requires two elements. First, the claimant must possess a right to payment. Second, that right must have arisen prior to the filing of the bankruptcy petition." *In re Manville Forest Prods. Corp.*, 209 F.3d 125, 128 (2d Cir. 2000) (citation omitted). "A claim will be deemed to have arisen pre-petition if the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation—a right to payment—under the relevant non-bankruptcy law." *Id*. at 129 (internal quotation marks and citation omitted).

We conclude that Appellants' claim against Westinghouse is a pre-petition claim. The substance of Appellants' unjust enrichment claim is that Westinghouse received the benefit of

special payments made to utility companies to finance the construction of a nuclear power plant, but Westinghouse repudiated the agreement obligating it to finish construction of the plant. The record is clear, however, that the utility payments, construction delays, cost overruns, and Westinghouse's representation to the V.C. Summer Owners that, at a minimum, it was uncertain about its ability to honor the construction agreement, all occurred before the bankruptcy petition was filed. Thus, we agree with the bankruptcy court and the district court that Appellants' claim against Westinghouse is a pre-petition claim for purposes of the Bankruptcy Code.

Appellants' argument to the contrary is unavailing. Appellants' contention that the district court erred by focusing on the relationship between Appellants and Westinghouse instead of the timing of Westinghouse's conduct mischaracterizes the district court's opinion, which merely applied our case law concerning "contingent" claims under 11 U.S.C. § 101(5)(A). *See In Matter of Motors Liquidation Co.*, 829 F.3d 135, 156 (2d Cir. 2016) ("To avoid any practical and constitutional problems, [we] require some minimum contact or relationship that makes identifiable the individual with whom the claim does or would rest.").

Lastly, Appellants' briefing offers no argument for its position that the bankruptcy court erred in denying Appellants' request for relief from the automatic stay. Appellants therefore have waived their argument on this point. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3